[Civil No. 1048.   Filed March 27, 1908.]

[95 Pac. 111.]

# FLOWING WELLS COMPANY, a Corporation, Defendant and Appellant, v. FRANK L. CULIN, Plaintiff and Appellee.

1. Corporations — Dissolution — Agent — Failure to Appoint — Ground—When—Laws of Ariz. 1903, Act No. 82, Construed.— Under Act No. 82, *supra*, providing "That whenever any corporation . . . shall fail to appoint a *bona fide* agent . . . then . . . any resident . . . may bring, prosecute and maintain . . . in his own name an action in any court of record . . . to have and procure a judicial dissolution and disincorporation; . . . and whenever it is made to appear to any court by petition or complaint . . . that . . . the above-named . . . situation or condition exists, . . . such court shall forthwith order or cite such corporation to appear before it . . . and if, upon hearing of (or) trial, it be made to appear that . . . said . . . condition or situation . . . exists, such court shall thereupon dissolve and disincorporate such corporation," etc., the court only has authority to dissolve a corporation where there is no agent at time of hearing, and where a corporation has an agent at the time of hearing, it may not be dissolved, even though it had no agent at the time of the filing of the petition for dissolution.

2. Statutory Construction.—The court has no authority to extend a law beyond the fair and reasonable meaning of its terms, because of some supposed policy of the law or because the legislature did not use the proper words to express its meaning.

APPEAL from a judgment of the District Court of the First Judicial District, in and for Pima County. John H. Campbell, Judge. Reversed and remanded, with instructions.

This case comes to this court upon an agreed statement of facts. The plaintiff in the court below filed his petition on October 23, 1907, under the provisions of Act No. 82, page 147, Session Laws of 1903, alleging that the defendant had failed to appoint an agent as provided by said act, and praying for its dissolution and disincorporation. Thereafter, on October 29, 1907, the court issued a citation to show cause, in response to which the defendant, on January 4, 1908, appeared and filed its answer and return, setting forth therein that it had always believed that a duly authorized agent had been appointed, and that it had no intention or design to dis- .

obey the law, and that the failure to appoint an agent was an inadvertence and oversight; that immediately upon the filing of the petition by the plaintiff, and five days before the order to show cause was issued, the defendant had appointed an agent, and filed the notice of such appointment with the territorial auditor; and at the time of the hearing or trial the defendant had a duly appointed agent, as provided by the statutes. To this answer and return the plaintiff presented a general demurrer, which was sustained by the court. The defendant, electing to stand upon its answer and return, the court thereupon entered judgment dissolving and disincorporating the defendant corporation, from which judgment the defendant appeals, and has assigned as errors: "(1) The court erred in sustaining the demurrer of the plaintiff to the defendant's answer and return. (2) The court erred in entering a judgment dissolving and disincorporating the defendant corporation."

Wm. M. Lovell, and S. L. Kingan, for Appellant.

The general proposition of law that the state does not favor the forfeiture of the charter or franchise of a corporation is so well established that it is no longer an open question.

"It may be collected not only from what the courts have judged but what the judges have said, that the courts are disinclined to forfeit the charters of corporations, especially those created for purposes of public utility, which it is the policy of the state to encourage and foster. The reasons for declaring such a forfeiture must be solid, weighty and cogent; there must have been a violation of a positive prohibitory statute; or a plain abuse of power, by which the corporation fails to fulfill the design and purpose of its creation; some act of misuser or nonuser touching matters which are of the essentials of the contract between the sovereign and the corporation, and the act or neglect must be willful and repeated." 10 Cyc. 1279; *State* v. *St. Paul etc.*, 92 Ind. 42, 48.

And in construing a statute, the court will not give that meaning to the words used which will result in dissolving or disincorporating a corporation, unless it plainly and unequivocally appears that such was the intention of the legislature. "A close construction should be given to statutes which work forfeitures or confiscation of property." *United States* v. *Athens Armory*, 35 Ga. 344, Fed. Cas. No. 14,473. "Congress may declare a forfeiture for nonpayment of taxes that will take

effect *ipso juri;* but a statute will not be so construed unless
such intention clearly appears." *Schenck* v. *Pray,* 1 Dill.
267, Fed. Cas. No. 12,451. As in the construction of contracts
and wills, so in the construction of statutes, the intention of
those who have drawn the instrument is to be sought and de-
clared. *City of Evansville* v. *Summers,* 108 Ind. 189, 9 N. E.
81.

To give to the statute the meaning contended for by the
plaintiff would require the court to change the plain language
of the act and make the word "exists" read "existed."
"Every clause and word of a statute shall be presumed to have
been intended to have some force and effect." *Opinion of
Justices,* 39 Mass. (22 Pick.) 571. "Meaning and effect are
to be given to all the words of a statute unless there appears
clear and controlling reasons for omitting to give them signifi-
cance." *Lacy* v. *Moore,* 6 Cold. (46 Tenn.) 348; *Everett* v.
*Wells,* 2 Scott (N. C.), 531. Instead of straining the lan-
guage so as to result in a construction favorable to the cor-
poration, the lower court disregarded the general rule of law,
and deliberately strained the language to destroy the corpora-
tion. "A court has no authority to extend a law beyond the
fair and reasonable meaning of its terms because of some
supposed policy of the law, or because the legislature did not
use proper words to express its meaning." *Tompkins* v. *First
National Bank,* 18 N. Y. Supp. 234.

But Act No. 82, Session Laws of 1903, is both remedial and
penal. "If a statute be both remedial and penal, it must be
construed strictly." *Abbott* v. *Wood,* 22 Me. 541.

Benton Dick, for Appellee.

The words "bring, prosecute and maintain" indicate that
the word "exists" does not relate only to the time when the
case comes on for hearing, but that an action once begun,
the attempted remedying of the delinquency of the corpora-
tion by the filing of an appointment of an agent after com-
mencement of suit will not avail the corporation as a defense
against dissolution. "Maintain" is a broader word than
"bring," and includes it. To maintain an action is to carry
it to final judgment. *Carlisle Bank* v. *Brown,* 5 Ohio C. D.
94, 95. "Maintain" in pleading has a distinct, technical
signification. " 'Maintain' means to support what has al-
ready been brought into existence, so that to maintain an
action is not the same as to commence an action." *California*

*Sav. Soc.* v. *Harris,* 111 Cal. 133, 43 Pac. 525; *Carson-Rand Co.* v. *Stern,* 129 Mo. 381, 31 S. W. 772, 32 L. R. A. 420; *Moore* v. *Durden,* 2 Welsb. H. & G. 22-30. "To prosecute a suit is to continue a demand which has been made by the institution of process in a court of justice." *Cohens* v. *Virginia,* 6 Wheat. 264, 5 L. Ed. 257. "To prosecute an action is to follow it up, to carry on such action or suit." *Inhabitants of Knowlton* v. *Read,* 11 N. J. L. 320.

DOAN, J.—As the second assignment of error stands or falls with the first, the two will be considered together. The proper determination of the question presented involves a construction of Act No. 82, page 147, Session Laws of 1903. This act, eliminating that part which has no application to the present case, provides as follows: "That whenever any corporation . . . shall fail to appoint a *bona fide* agent . . . then . . . any resident . . . may bring, prosecute and maintain . . . in his own name, an action in any court of record . . . to have and procure a judicial dissolution and disincorporation; . . . and whenever it is made to appear to any such court by petition or complaint . . . that . . . the above-named . . . situation or condition exists, . . . such court shall forthwith order or cite such corporation to appear before it, . . . and if, upon hearing of [or] trial it be made to appear that . . . said . . . condition or situation . . . exists, such court shall thereupon dissolve and disincorporate such corporation," etc.

The plaintiff below, who is the appellee herein, bases his argument in support of the judgment upon the broad ground that the defendant having, at the time of filing the petition, failed, whether through inadvertence or otherwise, to appoint an agent under the provisions of the act above cited, the court is thereupon bound to dissolve and disincorporate the defendant, and the appointment of such agent after the filing of the petition and the institution thereby of the action is of no avail. The language used indicates that the primary object of this provision of the act was to secure the appointment of an agent on whom process could be served. This is all the interest of the public would require. The dissolution and disincorporation was only the penalty that should be imposed upon the failure or refusal of the corporation to carry out the primary object of the statute, and this penalty was apparently provided as the means to compel obedience to this requirement. In harmony with this construction, the statute,

in directing the mode of procedure to enforce compliance with its requirements and to impose a penalty for failure or refusal so to do, provides that if, after the corporation has had notice of its dereliction, it still fails to appoint an agent, and the situation or condition alleged in the petition exists at the time of the hearing, then, a distinct refusal to obey the law being manifest, the court is authorized to inflict the penalty provided by the act. There is no authority conferred upon the court to dissolve or disincorporate unless this condition exists at the time of the hearing or trial. The language used does not support the theory of appellee that the legislature, by the word "exists," meant to refer to the time the action was instituted. If the legislature had meant this, it could have said this, and could have enacted that, "whenever it is made to appear that at the time of filing said petition . . . the above named . . . situation or condition existed," citation should issue, "and if the facts alleged in the petition be satisfactorily established by competent evidence upon the hearing or trial, such court shall thereupon dissolve and disincorporate said corporation." But it did not say this, but instead thereof said, "And if upon hearing of trial it be made to appear that . . . said . . . condition or situation . . . exists, such court shall thereupon dissolve and disincorporate such corporation." This language plainly and unquestionably predicates the court's authority to dissolve and disincorporate upon the existence of such condition or situation at the time of hearing or trial.

If we should concede the theory of the appellee, which we do not think is sustained by sound reasoning, and is certainly not supported by the language of the act, we nevertheless recognize that it is the duty of all courts to confine themselves to the words of the legislature—nothing adding thereto; nothing demitting. The court has no authority to extend a law beyond the fair and reasonable meaning of its terms, because of some supposed policy of the law, or because the legislature did not use proper words to express its meaning. *Everett* v. *Wells*, 2 Scott (N. C.), 531; *Tompkins* v. *First Nat. Bank* (Sup.), 18 N. Y. Supp. 234. This act, while remedial in its object, is also highly penal, and those affected by penal statutes are entitled to have the same construed strictly. Therefore, under the rule that "a close construction should be given to statutes which work forfeitures or confiscation of property," the court, in construing this statute, will not give that

meaning to the words used which would operate to dissolve or disincorporate, unless it plainly and unequivocally appears that such was the intention of the legislature. *Abbott v. Wood,* 22 Me. 541; *United States* v. *Athens Armory,* 35 Ga. 344, Fed. Cas. No. 14,473.

The answer and return of defendant stating that the situation or condition alleged in the petition did not exist at the hearing or trial, but that the defendant had theretofore appointed an agent in full compliance with the law; that said appointment had not been revoked, but that it was then, and at all times since the making thereof had been, in full force and effect; that it had been and was then duly filed with the territorial auditor; and that the failure of defendant to appoint an agent and file said appointment did not then exist, for the reason that defendant had theretofore made and filed such appointment—stated facts sufficient to constitute a defense, and the court erred in sustaining the demurrer thereto, and in entering the judgment ordering the dissolution of the corporation.

The judgment is reversed, and the case remanded to the lower court, with instructions to overrule the demurrer, and for such further proceedings as are consistent with this opinion.

KENT, C. J., and SLOAN and NAVE, JJ., concur.