330 P.2d 1

**POLICE PENSION BOARD FOR the CITY OF TUCSON, Appellant,**

v.

**Paul G. DENNEY, Appellee.**

No. 6417.

Supreme Court of Arizona.

Sept. 30, 1958.

F. Dale Healy, Jr., Tucson, for appellant.

Cusick, Watkins & Frey, Tucson, for appellee.

UDALL, Chief Justice.

This action, brought by a retired policeman, involves the constitutionality of an amendment to a Police Pension Act. The trial court invalidated one part of the amendment as being void as to plaintiff. This appeal followed.

There is no dispute as to the facts which, together with certain pertinent provisions of law, in substance are as follows: In the year 1933 Paul G. Denney, plaintiff-appellee (hereinafter termed plaintiff) became a member of the police department of the city of Tucson. Thereafter the legislature of Arizona adopted the Police Pension Act of 1937, Ch. 40, Laws of 1937 (later codified as section 16–1808, A.C.A.1939), by the terms of which policemen after 20 years of service were to be paid a monthly pension equal to one-half of their average monthly compensation received for services performed for the year immediately prior to the date of application for retirement. This Act further provided for a compulsory contribution by employees of two percent of their salaries, paid directly into the retirement fund.

The Pension Act of 1937 was amended by Ch. 93, section 3, Laws of 1952 (now A.R.S., Title 9, Ch. 8, Art. 2, Police Pensions) in the following particulars: (a) the compulsory contribution by the policeman to the retirement fund was increased to 5%; (b) the amount of the monthly pension was to be computed on the basis of 50% of the average monthly compensation received over the previous five-year period; and (c), the added proviso, now in controversy, that there should be a suspension of pension payments during the period such a recipient receives a salary as an officer or employee "of the state, county or municipality."

Plaintiff Denney timely served notice on the Police Pension Board for the city of Tucson (hereinafter termed the Board) that under the provisions of the original 1937 Pension Act he desired retirement effective August 6, 1953. His twenty years of service as a policeman was completed on August 5, 1953. The Board granted plaintiff's request for retirement but computed the amount to be paid on the basis of the 1952 amendment, which resulted in a lesser amount being paid to plaintiff than what he claimed was due. Thereafter, on December 1, 1954, plaintiff obtained employment in the office of the county assessor of Pima county, whereupon the Board in January 1955 took affirmative action, under the provisions of the 1952 amendment, supra, by withholding further monthly pension payments so long as plaintiff was on the public payroll of Pima county.

The instant suit was then initiated by plaintiff, in behalf of himself and others

similarly situated, to determine their rights and which of the statutes heretofore mentioned applies. There were two causes of action: the first alleged that the Board was improperly computing the pension under the 1952 amendment rather than under the original Act of 1937. The lower court sustained the action of the Board on this score by granting its motion for summary judgment as to this cause of action, and plaintiff did not cross-appeal therefrom. The second cause of action complained of the refusal of the Board to pay the pension while plaintiff was in the employ of Pima county. The trial court held that this portion of the 1952 amendment was void and unconstitutional insofar as it concerned the plaintiff and others similarly situated, and it entered judgment that plaintiff was entitled to his pension even though employed by Pima county. The pension Board has appealed from this part of the judgment.

The Board's only assignment of error challenges the correctness of the trial court's judgment in holding that the portion of the 1952 amendment—which suspends pension payments during the period the retired officer is employed by a county—is unconstitutional and void insofar as it concerns plaintiff. In support thereof two propositions of law are submitted and argued.

It appears to us however there is but a single issue of law presented by this appeal, and that is whether the legislature could lawfully amend the Police Pension Act of 1937 so as to deprive plaintiff and others similarly situated of being employed in any other capacity by a governmental unit without forfeiting their pension payments during such employment.

An examination of the pension Acts of other states discloses that a proviso such as that in question here is not at all uncommon. In fact in some instances there are constitutional prohibitions against securing jobs with other governmental units by those who are receiving a pension. Basically we see nothing legally wrong with such a legislative policy and we note that most appellate courts uphold it in principle. The difficulty arises when such a proviso is attempted to be retroactively applied. Plaintiff in his brief does not contend that the 1952 amendment is per se unconstitutional. The argument advanced is that as applied to him it is unconstitutional for the reason that he had contractual rights under the 1937 Act which had vested and therefore it could not be impaired or abrogated by subsequent legislation. There are decisions from a few states such as California and Washington that sustain such a contention but they represent a minority viewpoint. For a full discussion of the majority and minority rule and an analysis of the numerous cases on the general subject see the excellent annotation in 52 A.L.R. 2d 437, "Vested Right of Pensioner to Pen-

sion", which follows the decision of Hickey v. Pittsburgh Pension Board reported at page 430.

The reported decisions from the various courts that have had occasion to rule upon such matters are in hopeless conflict in the area of the general subjects of pensions, i. e., as to what they are? and if and when they vest? No good purpose would be served in attempting to review the various holdings. We have concluded it would be unwise for us to adopt en toto the holding from any one state. It being a matter of first impression in this jurisdiction, we are free to adopt what appeals to us as being the soundest rule. In the instant case the plaintiff cannot meritoriously contend the Pension Act of 1937 became a part and parcel of his contract of employment for the reason that he entered the service of the city of Tucson some four years prior to the enactment of such Act. At best the most plaintiff can claim is that the benefits held out to him by the Act is what induced him to continue on in the service. Such would not in our opinion constitute an immutable contract within the ordinary meaning of such word as it is used in private contracts between individuals. The fact however, that both the original Act and the 1952 amendment provides for a compulsory contribution plan on the part of the officer, said proviso cannot, as a matter of law, be a gratuity. While it is difficult to accurately describe the nature of the relationship thus created between plaintiff and the City, it would appear to be in the realm of a quasi contract—with certain rights being given to the officer that must be respected. Subject though to reasonable modification and changes in the law by the legislature.

By serving the full twenty years the plaintiff had met the requirements for the pension, i. e., the happening of the contingency upon which the pension became payable had occurred. The Board recognized the validity of his claim by granting the application for retirement and the commencement of monthly payments thereon.

The question is, could the Board constitutionally suspend these pension payments when it learned plaintiff had re-entered public employment? The Board answers yes, and seeks to justify its action by pointing out that it was merely carrying out the declared public policy of the legislature, enunciated by the 1952 amendment, which *had been enacted more than a year prior* to the time plaintiff had fulfilled all of the requirements for a pension. The courts are fairly well in agreement that, prior to retirement, permitting reasonable legislative modification of pensions is necessary since pension systems must be kept flexible to permit adjustments in accord with changing conditions and at the same time maintain the integrity of the system and carry out its beneficent policy. The permissible scope of change is for the courts to determine on the record present-

ed. Necessarily such modifications must be reasonable.

■ .On this record we fail to see where any absolute right of property in the plaintiff has been impaired by the 1952 amendment suspending pension payments during the period of his re-entry into public employment. To permit a retired public servant to receive a pension and re-enter the public service, collecting both his salary and his pension, is, we believe, contrary to the spirit and purpose of all pension legislation. Furthermore, one of its basic purposes is to preserve and maintain the fund on an actuarially sound basis, which responsibility in this instance is specifically placed upon the municipality. A.R.S. § 9–923, subsection A, paragraph 10. We hold the 1952 amendment was a reasonable and not an arbitrary or capricious legislative change.

■ Finally we consider the plaintiff's proposition of law that the Act here in question, which purportedly alters existing pension rights of policemen, deprives these employees of substantial and material rights enjoyed by other public employees as a class is void and unconstitutional as being unreasonably discriminatory and in violation of the equal protection provisions of the state and federal constitutions. When judged by the yardsticks set forth in the following recent decisions, viz.: Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604, and Southwest Engineering

Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764, there can be no doubt as to the reasonableness of the foundation for such a classification. We hold there is a rational basis for such classification and hence we find that the legislature did not act in an arbitrary, capricious and whimsical manner in passing said Act.

Judgment reversed with directions to grant defendant's motion for summary judgment on the second cause of action.

WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., concurs in the result.

JOHNSON, J., having been the trial judge, disqualified.