385 P.2d 514

John W. PAYNE, Richard F. O'Clair, Carlos G. Ontiveros, R. E. Finley, Joseph Island, Orville B. Brown and William R. Gragg, Petitioners,

v.

Robert W. KNOX et al., as members of the Police Pension Board for the City of Phoenix, Respondents.

No. 8074.

Supreme Court of Arizona.

En Banc.

Oct. 9, 1963.

Charles M. Brewer, Phoenix, for petitioners.

Merle L. Hanson, City Atty., Morris Rozar, Asst. City Atty., Phoenix, for respondents.

LOCKWOOD, Justice.

Petitioners in this matter are a group of retired police officers of the City of Phoenix, and respondents are members of the City of Phoenix Police Pension Board. Each of

the petitioners has a contract with a school district located in Maricopa County. The various contracts are for employment as school teachers, attendance and truant officers, and school bus drivers, all for compensation. Prior to August 29, 1963, the Pension Board had knowledge of and had given consent to similar employment by retired police officers who were also receiving police pensions, based upon a legal opinion given by a former Assistant City Attorney of Phoenix.

On the last mentioned date the Pension Board held a special meeting, at which the city attorney was requested to give an opinion as to whether petitioner Payne (who had a contract of employment with the Tempe Grammar School District) and others similarly situated, could be employed by a school district and still receive a police pension, in accordance with the previous policy of the Pension Board. A legal opinion signed by an assistant city attorney was thereupon issued, stating in effect that payment of benefits under the Police Pension Fund Act to a person while employed by an Arizona school district would be in violation of A.R.S. § 9–928. Thereafter the Pension Board notified petitioners and a number of other retired officers of the legal opinion obtained from the city attorney's office, and when the petitioners presented themselves for their school employment in accordance with their contracts their pensions were discontinued.

Claiming that the action of the respondent Pension Board in withholding the pension benefits from the petitioners was arbitrary, capricious and unlawful, the petitioners sought a writ of mandamus compelling the Pension Board to reinstate their pension benefits. An alternative writ of mandamus was issued, and both parties have filed briefs in support of their respective positions.

The sole question before us is an interpretation of the meaning of A.R.S. § 9–928. This section reads as follows:

"A. A person who has been retired from service under the provisions of this article and awarded compensation in accordance therewith, and who after retirement receives a salary *as an officer or employee of the state, county or municipality,* shall forfeit and shall not at any time receive compensation for the period during which he receives a salary as such officer or employee, but upon termination of service as such officer or employee all the rights of the pensioner, other than the right to receive compensation for the period after retirement during which he receives a salary *as an officer or employee of the state, county or municipality,* shall be recognized." (Emphasis supplied.)

Petitioners maintain that they are not prohibited from receiving their pension

benefits by this section, because they are not employees of "the state, county or municipality". Respondents on the other hand contend that a school district is a political subdivision of a county, and therefore its employees are also employees of a *county* within the spirit and meaning of the above quoted statute.

In determining the meaning of a statute the cardinal rule is to ascertain and give effect to the intention of the legislature. Ernst v. Collins, 81 Ariz. 178, 302 P.2d 941 (1956); State v. Airesearch Mfg. Co., 68 Ariz. 342, 348, 206 P.2d 562 (1949). This Court stated in the Ernst case at page 181 of 81 Ariz., at page 943 of 302 P.2d: "Where that intent [of the legislature] appears in plain language, the courts cannot extend the meaning so expressed; rather, they must observe the obvious and natural import of the words." See also Parrack v. Ford, 68 Ariz. 205, 207, 203 P.2d 872 (1949); Flowing Wells Co. v. Culin, 11 Ariz. 425, 429, 95 P. 111 (1908).

Respondents' position is that the statute forfeiting the pension benefits of a retired police officer during the time he is receiving a salary as an employee or officer of "the state, county or municipality," means during the time he is in the public service of government in Arizona at all levels. They rely upon the following language used in Police Pension Board for City of Tucson v. Denney, 84 Ariz. 394, 399, 330 P.2d 1, 4 (1958):

"To permit a retired public servant to receive a pension and re-enter the public service, collecting both his salary and his pension, is, we believe, contrary to the spirit and purpose of all pension legislation."

That case involved a retired officer who had obtained employment in the office of the County Assessor of Pima County. Obviously he was an employee of that county and as such, a "public servant," in the "public service" there involved, i. e., that of the county. No question regarding an employee of any other political subdivision was involved in that case, and the language used cannot be extended beyond the scope of the question there raised.

Had the legislature intended to forfeit pension benefits of all retired officers who were employed by any conceivable public agency of the government in Arizona, it could have so indicated by the use of appropriate language. Without doubt a county is a political subdivision of the state and school districts, as well as other agencies, are political subdivisions of the county and of the state as well. It would have been a simple matter to state in the statute that it applied to any officer or employee of the state "or any of its political subdivisions", which would have been all inclusive of government service. Instead, the legislature included only three specific areas of public service which would cause a

forfeiture of the pension benefits. It is not for the courts to question the wisdom of a legislative policy, but merely to declare the law as enacted by the legislature.

We hold therefore that employment of petitioners by a school district does not have the effect of forfeiting their rights to compensation benefits under the police pension provisions. The alternative writ of mandamus heretofore issued is hereby made permanent.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.