409 P.2d 740

**Frank E. KEEFE and Elsie W. Keefe, husband and wife, Appellants,**

**v.**

**E. C. MONROE, H. H. Borland, Jr., Larry Wilson, Arthur Barleycorn, Bordon Nelson, Mary Fields and Bernard L. Garmire, as members of the Police Pension Board for the City of Tucson, Appellees.***

**2 CA–CIV 59.**

Court of Appeals of Arizona.

Jan. 18, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7937. The matter was referred

Richard L. Keefe, Tucson, for appellant.

Healy, Laubscher & Dickerson, by F. Dale Healy, Tucson, for appellees.

DONOFRIO, Judge.

This is an appeal by Frank E. Keefe hereafter referred to as defendant and Elsie A. Keefe, his wife, from a judgment denying him the right to receive a pension from the Police Pension Board for the City of Tucson, Arizona, during the time

to this Court pursuant to Section 12–120.23 A.R.S.

that he is an employee of the Industrial Commission of the State of Arizona.

Appellees, plaintiffs, as members of the Police Pension Board filed an action seeking declaratory relief declaring that the defendant is not entitled to receive compensation from the Tucson Police Pension Board during the period he is employed by the Industrial Commission, which relief was granted.

The defendant in September 1933 began work with the Tucson Police Department as an officer. The City of Tucson had a pension plan for officers without limitation upon subsequent work after retirement. The city, in July 1941, substituted its plan by adopting the Police Pension Act of 1937, Laws 1937, Ch. 40, under which act the pension rights likewise were unlimited as to employment following retirement. Defendant contends he was encouraged to remain with the department because of these pension programs and had the right to rely on his future pension rights as being a part of his contract of employment.

In 1952, after defendant had served more than 18½ years in service as a policeman for the City of Tucson, needing 1½ years service to retire, A.R.S. § 9–928 was enacted.

Section 9–928 reads as follows:

"A. A person who has been retired from service under the provisions of this article and awarded compensation in accordance therewith, and who after retirement receives a salary as an officer or employee of the state, county or municipality, shall forfeit and shall not at any time receive compensation for the period during which he receives a salary as such officer or employee, but upon termination of service as such officer or employee all the rights of the pensioner, other than the right to receive a compensation for the period after retirement during which he re-

ceives a salary as an officer or employee of the state, county or municipality, shall be recognized.

B. This section shall not be construed to exclude a person retiring from serving on a board or commission the services for which are paid on a per diem basis.

C. Nothing in this section shall be deemed to amend, modify or repeal the provisions of this article relating to death benefits."

On March 8, 1961, after defendant's retirement from the police department he accepted employment with the Industrial Commission of the State of Arizona, and is now so employed. Since then he has been denied his pension by reason of § 9–928 (supra) on the grounds that he was a state employee.

Defendant urges first that his employment with the Industrial Commission does not fall within the provisions of § 9–928, in that he is not an employee of the State. That he is not paid by general tax monies or appropriations from the State, but is paid from the State Compensation Fund and the State Occupational Disease Compensation Fund. That the State Auditor does not furnish the Industrial Commission a payroll showing the total amount paid to the defendant as required by A.R.S. § 23–962, subsec. B, for state employees subject to the provisions of the Workmen's Compensation Act; nor has the state legislature authorized an appropriation to pay employees of the Industrial Commission.

It is to be noted at the outset that there is no question that after April 1964 under A.R.S. § 9–928 as amended defendant is entitled to his pension even if we were to classify him a state employee as contemplated under A.R.S. § 9–928 prior to the amendment in 1964. The question we have to decide is whether or not defendant comes within the terms of the unamended A.R.S. § 9–928 as being a state employee.

**458**

We believe this question should be answered in the negative. The reader is referred to The Arizona Supreme Court case of Payne v. Knox, 94 Ariz. 380, 385 P.2d 514 (1963) as being dispositive of the issue raised by this appeal. In that case, retired police officers who had employment contracts with school districts (a political subdivision of the county and state) were held not to be State employees as contemplated in the unamended A.R.S. § 9–928. The Supreme Court gave a strict construction to the word "state employee" in the statute. They said:

"Had the legislature intended to forfeit pension benefits of all retired officers who were employed by any conceivable public agency of the government in Arizona, it could have so indicated by the use of appropriate language." 94 Ariz. 382, 385 P.2d 515.

The defendant in the case at bar is in a similar situation. The Industrial Commission is an agency of the state. Industrial Comm. of Arizona v. Arizona Power Co., 37 Ariz. 425, 295 P. 305 (1931). The State itself does not consider defendant as one of its employees: (1) The State Auditor does not carry defendant as a state employee and (2) The State legislature has not authorized an appropriation to pay Industrial Commission employees. And further, defendant is not paid from general tax monies. We hold therefore, defendant is not a state employee within the meaning of unamended A.R.S. § 9–928 while employed by the Industrial Commission of Arizona.

The judgment denying defendant the right to receive his pension from the Police Pension Board of Tucson is reversed.

STEVENS, C. J., and CAMERON, J., concur.

This cause was decided by the Judges of Division One as authorized by A.R.S. Section 12–120, subsec. E.