In re ROSS.
ROSS v. BOARD OF TRUSTEES OF FIREMEN'S RELIEF AND PENSION FUND et al.

No. 33366. June 14, 1949.

*207 P. 2d 254.*

Carl W. Hogge, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Granville Scanland, Asst. Municipal Counselor, both of Oklahoma City, for defendants in error.

LUTTRELL, J. George F. Ross, a member of the Oklahoma City Fire Department, was retired on October 1, 1938. Upon his retirement he was entitled to and received a pension under the provisions of 11 O.S. 1941 §364, which law was in force and effect when he was retired. Ross died March 21, 1947, leaving surviving his widow, plaintiff, Norma N. Ross. Plaintiff and Ross had been married more than five years before the date Ross was retired, and no children were born of said marriage.

On April 5, 1947, plaintiff filed her application for a pension with Trustees of the Firemen's Relief and Pension Fund of Oklahoma City, requesting that she be paid the same pension drawn by her husband prior to and at the time of his death, amounting to $110 per month. The Board allowed her a pension, but fixed the amount at sixty-six and two-thirds per cent of the amount received by Ross, in accordance with the provisions of S. L. 1945, Title 11, ch, 6 (b), pp. 31, 32 (11 O.S. Supp. 1947 §368(a). Plaintiff appealed from the decision of the Board of Trustees, and also brought an action in mandamus to require the Board to pay her a pension in the same amount as her husband was receiving at and prior to the date of, his death. The two proceedings were consolidated for trial, and, after a hearing, the trial court sustained the action of the Board of Trustees and denied the peremptory writ. Plaintiff appeals.

The sole question presented is whether the right of plaintiff to a pension and the amount thereof is governed by 11 O.S. 1941 §364, under which her husband received his pension, or by the provisions of the 1945 law, 11 O.S. Supp. 1947 §368(a). 11 O.S. 1941 §364 provides that in the event of the death of any person who has been awarded a pension under the provisions of this Act,

" . . . his widow, children or other persons wholly dependent on such person for support shall be. paid the pension so awarded, provided, whenever a

widow, child or children, should marry, or child or children, shall become the age of sixteen (16), they shall receive no further pension."

11 O.S. Supp. 1947 §368(a), in so far as the same is applicable here, provides as follows:

"In the event of the death for any cause of a fireman who at the time of his death was drawing a pension, the widow of such person shall be paid an amount not to exceed Sixty-six and Two-thirds (66 2/3%) per cent of said pension, . . ."

Plaintiff contends that although her right to a pension was not vested until the death of her husband, upon his retirement and the awarding of a pension to him, she had an inchoate right to receive the pension which he was receiving under the provisions of section 364, and that to apply the provisions of the 1945 Act to her would be to give it a retrospective or retroactive effect, and that such was not the intention of the Legislature; that therefore the amount of the pension which she should receive upon the death of her husband being fixed by the provisions of section 364, the Board of Trustees were governed by the provisions of that section, and that the action of the Board in fixing her pension in accordance with the provisions of the 1945 law, and the judgment of the trial court sustaining its right to do so, were erroneous. We are unable to agree with this contention.

The precise question has never been determined by this court, and cases cited by plaintiff which involve different laws, such as Chaney v. Los Angeles County Peace Officer's Retirement Board, 59 Cal. A. 2d 413, 138 P. 2d 735, are of little assistance.

In Board of Trustees v. Naughton, 197 Okla. 592, 173 P. 2d 425, we held that where the pensioner died prior to the enactment of the 1945 law, the status of the widow was fixed before that law became effective, and her right to receive the pension was governed by section 364, that the 1945 law was not applicable, and that nothing in that Act contained gave it a retrospective effect.

But here the application of the 1945 law does not render it retrospective or retroactive. The right of plaintiff was not a vested or accrued right, but was contingent upon her husband predeceasing her, or upon the existence of the marital relationship between her and her husband at the time of his death. While article 5, sec. 54, of the Constitution, provides that the repeal of a statute cannot affect any accrued right, it is evident that the right of plaintiff to receive a pension did not accrue until the death of her husband. An accrued right is defined as a matured cause of action, or legal authority to demand redress. Barry v. Board of County Commissioners, 173 Okla. 645, 49 P. 2d 548. Likewise, a retrospective or retroactive law is one which takes away or impairs vested or accrued rights acquired under existing laws. 50 Am. Jur. p. 492, §476.

While we agree with plaintiff that the law should be liberally construed in favor of the pensioner, we know of no valid reason, and none is suggested, which would prevent the Legislature from passing a law affecting the right to receive a pension when such right has not vested or accrued under the prior law. Obviously, from the language of section 368(a), above quoted, the Legislature intended that the provisions of that section should apply upon the death of a pensioner who, at the time of his death, was drawing a pension, regardless of whether he became a pensioner prior to or after the enactment of the law. Said section operates prospectively. It affects only the class of persons therein specified whose rights had not theretofore vested, and might be defeated by the occurrence of any of the contingencies above pointed out. The right of plaintiff, having vested or accrued while section 368(a) was in force, is governed thereby.

Affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.