BOARD OF TRUSTEES OF the POLICE PENSION AND RETIREMENT SYSTEM OF the CITY OF TULSA, Oklahoma, Plaintiff in Error,

v.

Alice C. KERN, Defendant in Error.

No. 39100.

Supreme Court of Oklahoma.

Nov. 7, 1961.

Charles E. Norman, City Atty., Darven L. Brown, Asst. City Atty., Tulsa, for plaintiffs in error.

Thurman S. Hurst, Pawnee, and Robert J. Scott, Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

This appeal involves the disputed right of Mrs. Alice C. Kern, widow of L. D. Kern, a retired former Tulsa, Oklahoma, policeman, now deceased, to payment of a pension under legislation which may be referred to as part of the Police Pension And Retirement Act, Sec. 1 of House Bill No. 249, of the Twenty-Second Session (S.L.1949, pgs. 78, 80; Chap. 13A, Tit. 11 O.S.1951, secs. 541–542d, incl.) as amended by House Bill No. 543 of the Twenty-Sixth Session (S.L.1957, pgs. 38 and 39, Chap. 13A, Tit. 11 O.S.1957 Supp., secs. 541k and 541*l*) of the Oklahoma Legislature.

Mr. Kern died on August 21, 1957, after having retired May 1, 1950, and having drawn retirement benefits during that entire interim under the cited law, as it existed prior to enactment of the above cited 1957 amendment. That law then (sec. 1, S.L. 1949, supra; sec. 541k, O.S.1951, supra) among other things, prohibited cities and towns from fixing their policemen's retirement age at less than 55 years, required 25 years of service as a qualification for earned retirement, and fixed the policemen's retirement pension at $\frac{1}{2}$ of their "final average compensation * * *, plus two per cent (2%) of each additional year in excess of twenty-five (25) years [service] not to exceed in any event three fourths ($\frac{3}{4}$) of

[their] final average compensation * * " It further provided:

"* * * In the event of the death of any policeman *who has been awarded a pension or is eligible therefor as provided* herein *under the provisions of this Act* or amendments thereto, his widow, child or children shall be paid *such pension* provided that the same shall cease as to the widow when she shall marry, or as to the child or children becoming of the age of eighteen (18) years. *In order for a widow to receive such a pension as in this Section or amendments thereto provided, she must have been the wife of the policeman and living with him at the time of his death."* (Emphasis ours).

House Bill No. 543, supra, which was enacted some five months before Mr. Kern's death, prescribes a policeman's retirement pension with no minimum age requirement, or qualification, but a requirement of 20, instead of 25, years (as in H.B. 249) of active service, to be paid in accord with a formula, therein set forth, that is based upon the policemen's "final average compensation" during their "* * * *last five (5) years [of service]."* Among other things, it also provides:

"In order for a widow to receive *such a pension as provided in this Subsection* or amendments thereto, *she must have been the wife of the policeman* at the time of his *retirement,* and *at least five (5) continuous years prior thereto* and not have deserted or abandoned said policeman." (Emphasis ours).

Notwithstanding the fact that Mr. and Mrs. Kern had been married on June 2, 1945—or approximately one month less than five years before Mr. Kern's retirement— after his death, Mrs. Kern applied to the Board of Trustees of Tulsa's Police Pension And Retirement System, hereafter referred to merely as the "Board", for payment to her, as Kern's widow, of pension in the same amount as that which previously was being paid to her husband, as aforesaid.

The Board denied said application; and said applicant appealed to the District Court, which reversed the Board and ordered the pension paid to her. From this latter order and/or judgment the Board perfected the present appeal.

For reversal, the Board argues that the above quoted provision requiring a policeman's widow to have been married to him continuously for at least five years before his retirement, renders Mrs. Kern ineligible for such a pension because such provision became law before Mr. Kern's death. In support of its theory that this new condition, or qualification, restricts eligibility for the pension she has applied for, the Board cites the case of In re Ross, 201 Okl. 476, 207 P.2d 254, 256, and cases from other jurisdictions involving statutes, and/or their applicability to fact situations, unlike those here.

In view of the aforementioned omission of any specific wording in H. B. No. 543, supra, purporting to repeal H. B. No. 249, supra, and of the above described differences in the pensions prescribed in these two Bills, and of the language in the later Bill making the 5-year-marriage-before-retirement provision applicable to the pension "* * * provided *in this Subsection* * * *" rather than to the pension "provided in this *Act",* there would appear to be logical basis for the position that H. B. 543 evidences no legislative intention that this new requirement should be applied to widow's pension applications referable to the pension prescribed by H. B. 249, supra.

The Board's argument that said legislation was intended to apply to such applications is based on a theory given expression in the Ross case, supra, concerning Tit. 11 O.S.1947 Supp., sec. 368a, which, in specific terms, applied to none other than firemen and their widows. The portion of said enactment quoted in the opinion was as follows [201 Okl. 476, 207 P.2d 255]:

"In the event of the death for any cause of a *fireman who at the time of his death was drawing a pension,* the widow of such person shall be paid an

amount *not to exceed* Sixty-six and Two-thirds *(66⅔%) per cent of* said pension, * * *." (Emphasis ours.)

With reference to the quoted law, we said in the cited case:

"* * * it is evident that the right of plaintiff to receive a pension did not accrue until the death of her husband.

\*   \*   \*   \*   \*   \*

"Obviously, from the language of section 368a, above quoted, the Legislature intended that the provisions of that section should apply *upon the death* of a pensioner who, at the time of his death, *was drawing* a pension, *regardless of whether he became a pensioner prior to or after the enactment of the law."* (Emphasis ours.)

Upon comparison of the subject provision pertaining to surviving wives' pensions under the Police Pension And Retirement System, with the quoted fireman's pension legislation dealt with in the Ross case, it is obvious that the two are materially different, and that the reason appearing in the specific language of the latter for holding that a fireman's widow's right to a pension under Tit. 11 O.S.1947 Supp. sec. 368a, does not accrue until her husband's death, does not appear in the legislation before us in this case.

Unlike the Firemen's Pension involved in the Ross case, supra, the Policemen's Pension involved here is what is known as a "contributory" one, sec. 541h authorizing the policemen in any city or town, establishing a Board of Trustees, to contribute, under a voluntary agreement entered into by ¾ or more of them, to said city's or town's Pension and Retirement System. (It also specifies that no policeman or other beneficiary shall receive any pecuniary benefits provided by the Act, unless he shall have contributed to the fund not less than 1% of his monthly compensation while employed as a policeman). It has generally been held that public employees, who have voluntarily contributed to such a retirement fund, have a vested, contractual right to receive the prescribed benefits from it,

once their payment becomes due. See the discussions in Police Pension and Relief Board of City and County of Denver v. McPhail, 139 Colo. 330, 338 P.2d 694; Robinson v. Police Pension Board, 85 Ariz. 384, 339 P.2d 739; Police Pension Board for City of Tucson v. Denney, 84 Ariz. 394, 330 P.2d 1; Terry v. City Of Berkeley, 41 Cal.2d 698, 263 P.2d 833, 836; State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127, and other cases cited and digested in the annotation at 52 A.L.R.2d 437, 457, 463, 464, 467ff. Although Mrs. Kern concedes that, prior to her husband's death, she had, in the subject pension, no right that had become "vested", within the strict, or narrow, meaning of that term, there can be no question but that her right, if any—or such as it was—accrued under the same law by whose terms her husband received and—even after passage of the 1957 Amendment, supra,—continued to receive the pension until his death. In this connection, see Belitz v. City of Omaha, 172 Neb. 36, 108 N.W.2d 421. Notice also Board Of Trustees of Police Pension, etc. v. Burns, Okl., 348 P.2d 1067. To apply a pronouncement from Schock v. Chappell, 231 Ind. 480, 109 N.E.2d 423, 425 (discussed in the cited Nebraska case) her "* * * rights flow from her deceased husband and, therefore, are governed by the same act * * *". While there is some variety of opinion as to the exact nature, and some of the characteristics of the widow's rights in such a pension (see, for instance, Packer v. Board of Retirement, Cal.App., 203 P.2d 784, 786–790, and compare with West v. Anderson, 187 Ga. 587, 1 S.E.2d 671, 672, quoted in the Belitz case, supra) we deem it unnecessary to delve into those matters here.

■■ In the absence of any language, or evidence, that the 1957 amendment, supra, was ever intended *to have retrospective operation and affect rights that originated before its passage,* as did Mrs. Kern's, we need look no further for the dispositive criterion in this case than the presumption referred to in Board of Trustees, etc. v. Naughton, 197 Okl. 592, 173 P.2d 425, 426, as follows:

"It is generally held that statutes are presumed to operate prospectively only, and words ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied and that in case of doubt should be resolved against the retrospective effect. (Citing cases)."

As hereinbefore indicated, there is nothing in the 1957 Amendment, supra, to the Police Pension And Retirement Act, supra, to show that it was intended to deprive of their pension rights, widows of policemen, who were already in receipt of pensions under said Act, as it existed prior to said Amendment. Therefore, applying the above-described presumption, we hold that Mrs. Kern, being such a widow, is entitled to be paid the pension, as the trial court held; and its judgment is hereby affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.