POLICE CHIEF — EDUCATIONAL REQUIREMENTS A chief of police is not required to conform to the educational requirements of attending a basic police course where such officer held his position prior to the amendment of 70 O.S. 3311 [70-3311](g) (1969), on May 7, 1969. The Attorney General has had under consideration your recent request for an opinion wherein you state that a chief of police was appointed prior to the passage of 70 O.S. 3311 [70-3311] (1969), and after the effective date of this statute there was a city election and the chief of police was re-appointed. You then in effect ask: Does a chief of police have to conform to the provisions of 70 O.S. 3311 [70-3311](g) (1969), requiring him to satisfactorily complete a basic police course of not less than 120 hours even though he occupied the same position prior to the passage of Section 3311 and was subsequently re-appointed as a chief of police? Title 70 O.S. 3311 [70-3311] (1969), provides in pertinent part: "(g) On and after July 1, 1968, no person shall receive a permanent appointment as a police or peace officer in this State as defined in paragraph 4 of this section, unless he has been awarded a certificate, attesting to his satisfactory completion of a basic police course of not less than one hundred twenty (120) hours of accredited instruction from the Southwest Center for Law Enforcement Education. "(1) On and after July 1, 1968, every person who is not the holder of such certificate, and is duly appointed as a police or peace officer, shall be appointed to such position on a temporary basis, and shall, within one (1) year from the date of appointment, qualify as required in the preceding paragraph or forfeit such position. . . . "(3) Every person who is employed as a permanent police or peace officer prior to July 1, 1968, or is retired under Title 11, Section 541k, shall enjoy the privilege of certification as afforded by this section. "(4) For purposes of this section a police or peace officer is defined as a fulltime duly appointed or elected officer, whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, enforce all laws and city ordinances of this state, and any political subdivision thereof; provided elected sheriffs and their deputies and elected and appointed chiefs of police shalt meet the requirements of paragraph (g) hereof within the first twelve (12) months after assuming the duties of the office to which they are elected or appointed. " (Emphasis added) Our problem here is created by the seeming inconsistency between Section 70 O.S. 3311 [70-3311](g)(3) which exempts from the requirements of this statute "every " police or peace officer who was permanently employed prior to July 1, 1968, while Section 70 O.S. 3311 [70-3311](g)(4) contains a specific proviso requiring that elected and appointed chiefs of police "shall meet the requirements of paragraph (g) hereof within the first twelve (12) months after assuming the duties of the office to which they are elected or appointed." In Searcy et al. v. State ex rel. Carl et al, 64 Okl. 257, 167 P. 476, the court pointed out in the second and third paragraphs of the syllabus: "The natural and appropriate office of a proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter. It is to be construed in connection with the section of which it forms a part, and it is substantially an exception. "Statutory provisions, which have been repealed or superseded, may be looked to as an aid in the construction of amendatory acts in pari materia." At the time Section 70 O.S. 3311 [70-3311](g)(4) was enacted, it specifically exempted from the act elected or appointed chiefs of police. Therefore, such officers cannot avail themselves of the exemption found in Subsection 3 (the grandfather clause) since it relates only to officers who came within the provisions of the act at the time of its enactment. In 1969, the legislature eliminated the exemption for elected and appointed chiefs of police, sheriffs and their deputies and added the present provision requiring all such officers to meet the requirements of the act. In the case of Board of Trustees of the Police Pension and Retirement System of the City of Tulsa v. Kern, Okl., 366 P.2d 415, the court said in the first paragraph of the syllabus: "Statutes are presumed to operate prospectively only, and their words ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot otherwise be satisfied. Doubt as to such matter should be resolved against retrospective effect." Since, in the present instance, the chief of police was appointed prior to the effective date of the amendment on May 7, 1969, and there is not any reference made to or any intent expressed by the Legislature that the amendment was intended to be retrospective in effect, such officer is not required to meet the educational requirements of the act. In light of the foregoing, it is therefore the opinion of the Attorney General that your question be answered in the negative. That is, a chief of police is not required to conform to the educational requirements of attending a basic police course where such officer held his position prior to the amendment of 70 O.S. 3311 [70-3311](g) (1969) on May 7, 1969. (James C. Howard)