The **CITY OF ARDMORE, Ardmore, Oklahoma ex rel. FIREMEN'S RELIEF AND PENSION BOARD, Plaintiff in Error,**

v.

**James F. OZMENT, Defendant in Error.**

No. 42516.

Supreme Court of Oklahoma.

March 24, 1970.

Andrew B. Riddle, Jr., City Atty., Ardmore, for plaintiff in error.

Joe B. Thompson and Fischl, Culp & McMillin, Ardmore, for defendant in error.

DAVISON, Justice.

The parties will be referred to by their trial court designation.

The plaintiff retired from the Ardmore Fire Department on March 31, 1949, after having served 21 years and 9 months continuously with that department, the last 10 years of such service being as its Chief. At the time he retired he was awarded a pension (as provided for under 11 O.S. 1941, § 364) of $100.17 per month, being one-half of his average monthly salary during his last 60 months of his service with the department.

The undisputed facts show that immediately prior to February 24, 1958, the City Manager and some of the City Commissioners of the City of Ardmore asked plaintiff to return as Chief of the department and on said last date above referred to he was again appointed and approved by the City Manager and City Commissioners and returned to the department as its Chief; that upon his return to such service, the payment of his former pension ceased in accordance with 11 O.S.1951, § 364, and plaintiff did not draw any pension between the time of his re-appointment and his last retirement in 1966.

That upon plaintiff's return to work in February, 1958, he worked continuously as Chief of the Department through October 31, 1966, a period of 8 years and 8 months before his last retirement; that during all of this period of his re-employment he continuously made the required payment of 2% of his annual salary to the pension fund, the same being deducted from his paycheck by the City of Ardmore. This deduction having been accomplished by city ordinance, pursuant to 11 O.S.1961, § 373, which provides:

"Cities and towns may enact an ordinance authorizing the treasurer of such city or town to deduct from the salary or wages of each member of the fire department of such city or town, an amount equal to two (2%) per centum of the annual salary or compensation paid to such member or members of such fire department * * *"

The question involved is whether plaintiff is entitled to have his pension fixed on the basis of $234.72, being one-half of his average monthly salary over the last 30 months of his last employment with the department, after having served more than 5 years continuously before his last retirement or must he accept, as the basis of his pension, $100.17, being one-half of his average monthly salary when he first left the department in 1949.

One of the pertinent statutes necessary for consideration of the question involved was passed in 1945 and now appears in 11 O.S.1961, § 364, as follows:

"Any person, who, prior to the effective date of this Act, shall have been duly appointed and enrolled as a member of a regularly constituted Fire Department of any city or town of the State and who serves as such member in any capacity or rank for a period of not less than twenty (20) years, the last five (5) years of which shall have been continuous in the Fire Department in which he was a member at the time he retires, shall be entitled, upon his written request, to retire from such service and to be thereon paid from the Firemen's Relief and Pension Fund a monthly pension of one-half (½) of the average monthly salary which was paid to him for his service in such Fire Department during the last Sixty (60) months (now amended to 30 months by 11 O.S.Supp., § 364) of his service; *Provided, that said pension shall cease during any period of time he may thereafter serve for com-*

*pensation in any municipal Fire Department in Oklahoma."* (Emphasis added.)

The above statute has been amended several times but such amendments are not material to the facts and situation involved in the present case.

Another statute which should be considered in deciding the involved question was passed in 1945, now 11 O.S.1961, § 364a, to wit:

"Any person who after May 5, 1945, is employed in any regularly constituted Fire Department of a city or town of the State and who has served as much as Twenty (20) years in one or more Fire Departments in the State, in any capacity or rank, the last Sixty (60) months of which shall have been continuous in the Fire Department in which he was a member at the time he retires, will be entitled, upon his written request, to retire from such service and thereon be entitled to be paid from the Firemen's Retirement and Pension Fund a monthly pension of one-half (½) of the average monthly salary paid to him during the last Sixty (60) months (now amended to 30 months by 11 O.S.Supp., § 364a) of his service; *provided that said pension shall cease during any period of time he may thereafter serve for compensation in any municipal Fire Department in this or any other State."* (Emphasis added.)

Title 11 O.S.Supp.1963, § 388, which became effective July 1, 1964, provides:

"No person shall be employed in a fire department who has reached the age of forty-five (45) years, unless it appears he shall become eligible for retirement at the age of sixty-five (65) years, *or unless he be retired from a town or city fire department in the State of Oklahoma. * * *"* (Emphasis added.)

◼ From the precise wording of the statutes above referred to, we are of the opinion that the legislature specifically intended that firemen could retire and thereafter be re-employed. The proviso in Sections 364 and 364a, supra, provide that said pension shall cease during any period of time he may *thereafter serve* for compensation in any municipal Fire Department in Oklahoma. The words "thereafter serve" indicates that re-employment could be properly accomplished. These sections of the statute when considered with the enactment of § 388, supra, indicate that plaintiff could retire once, then re-enter service, and under the facts presented herein, retire again and have his pension fixed on the basis of the law in effect on the date of his last retirement.

We also point out that under 11 O.S. 1961, § 373, supra, the legislature did not exempt previously retired members of Fire Departments re-entering service with such Departments from the two (2%) percent tax. If plaintiff, and others similarly situated, are required to pay this tax upon re-entry into the service of the Department, but could not have such contributions considered for the increased pension benefits such a construction would appear to be arbitrary and unreasonable and in opposition to the intention of the legislature.

◼ The court is committed to a liberal construction of 11 O.S.1961, §§ 361–381, in favor of firemen. In re Ross, 201 Okl. 476, 207 P.2d 254, and Roberts v. Board of Trustees of Firemen's Relief & Pension Fund, Okl., 292 P.2d 408.

Defendant, in its brief states, that to hold that a fireman could retire "twice" would "open a 'Pandora' " box by permitting the rehiring of retired firemen who could serve an additional five years and then retire on a pension based on their last five years service.

We cannot agree that such a pandora box would be created. Title 11 O.S.1961, § 333, which statute has been in effect for many years, provides that paid members of the fire departments can only be hired by appointment of the mayor, by and with the consent of the city council. Surely the mayor and city council would not re-employ a fireman, if in effect such a re-employment would create a "pandora" situation.

The case relied on by defendant for reversal is People ex rel. Malone v. Mueller, 328 Ill.App. 593, 66 N.E.2d 516. The cited case is distinguishable from the present case both in facts and in law. In the cited case the plaintiff was not required to pay any percentage of his salary after his so-called second re-entry into the service. Secondly, the court found that he did not meet the statutory requirement for the so-called re-appointment. Thirdly, plaintiff was endeavoring to draw pensions under both his first and second retirement. Lastly, the decisive and effective statute of Illinois in plain words stated and the court held that plaintiff was only entitled to the monthly pension he had received as a result of his first retirement.

We are of the opinion and hold that the plaintiff, under the facts in the present case, is entitled to have his pension fixed on the basis of his average monthly salary over the last 30 months of his last employment which expired October 31, 1966.

Judgment of the trial court is affirmed.

All Justices concur.