POLICE SERVICE PENSION — LIMITATION ON TRANSFER (1) A city or town may not require more service than is required by State statutes for eligibility for a police service pension. (2) The limitation on transfer of no more than five years of prior service time provided for in 11 O.S. 541x [11-541x] (1970), does not apply to a policeman who transferred to another department prior to July 29, 1969. The Attorney General has had under consideration your request for an opinion relating to city or town police pension systems organized under the State Police Pensions and Retirement Act (11 O.S. 541 [11-541] et seq. (1961), with amendments). In your letter you first call our attention to certain provisions of the Act found in Section 541k thereof as follows: ". . . In order for a policeman to be eligible for such service pension, his service with the Police Department for any such city or town must have ceased, he must have served for a period of twenty (20) years or more in some Police Department in the State of Oklahoma of a standard equivalent to that required for eligibility under this Act, or amendments thereto, five (5) years of which service shall have been consecutive immediately preceding the end of such period and with the city or town paying such pension, and he must have complied with any agreement as to contributions by him and other policemen to any funds of such Pension and Retirement System where said agreement has been made as by this Act or amendments thereto. . . ." You then in effect ask if a city or town, by appropriate ordinance or otherwise, may require more than five (5) years of service with such city or town from a policeman who otherwise is qualified for a service pension. You also call our attention to certain provisions of Section 541x as follows: " Police officers who have served in any city or town participating in this act may transfer such service time for credit into the pension system of another participating city or town providing such police officer meets age and physical requirements and other conditions for acceptance in the pension plan he transfers into; and provided further that any police officer permitted to transfer such service time shall first pay a sum of money into the pension system equal to his contributions, the state's contributions and the city or town contributions plus interest calculated at five percent (5%) as if he had served such transferred service time in the department where he is newly employed. In no event shall police officers be permitted to transfer more than five years of service time, and decision as to eligibility to transfer such time shall be at the discretion of the local pension board." You then in effect ask us to construe these provisions of Section 541x vis-a-vis the provisions of Section 541k and, more specifically, ask if the provisions of Section 541x apply to a policeman who transferred to another department prior to the effective date of Section 541x. (Section 541x became effective July 29, 1969.) In answering your first question we first call your attention to a prior Attorney General's opinion, to wit: No. 69-360, wherein we said: "The eligibility of policemen to pensions and retirement is not a matter of purely municipal concern. The charter and ordinances of a city in regard thereto would not control over state general law. . . ." We also note that the pertinent provisions of Section 541k as quoted above are from the latest amendment to said section (per O.S.L. 1969, ch. 330), and that prior to enactment of this latest amended version said section contained a provision as follows: ". . . and he must conform also to such other and additional conditions as to service as such city or town shall by ordinances provide . . . . " We consider it significant that the Legislature struck this just-quoted language from the statute in 1969, and concluded therefrom that is the present Legislative intent that a policeman be eligible for a service pension if he is otherwise qualified (twenty (20) years or more total service, with eligible departments, etc.) and has at least, but not necessarily more than, five (5) years consecutive and immediately prior service with the city or town from which he seeks his pension. Otherwise stated, and in answer to your first question, it is the opinion of the Attorney General that a city or town operating a police pension and retirement system under State statutes may not by ordinance or otherwise require more service of a police pension applicant than is required by the State statutes, and, more specifically, may not, under present statutes, require more than five (5) years service with such city or town, unless such service is not consecutive or immediately prior to application for pension. In stating our conclusion and opinion on your first question we emphasize that we are saying that a city or town may not require more service of a policeman than is required by statute. It is obvious that the effect of Section 541x's provision that in no event shall a police officer be permitted to transfer more than five (5) years of service time is to require at least fifteen (15) years of service with the city or town from which the pension will be paid (in order to meet the twenty (20) years or more service with qualified departments required by Section 541k). But this is a State statutory requirement, and therefore valid and effective. This effect of Section 541x, however, for reasons more fully developed hereinafter, will be applicable only to policemen who fully qualify for pensions after July 29, 1969. A comprehensive annotation on "Vested Right of Pensioner to Pension" is found in 52 A.L.R.2d 437 et seq. At page 442 the annotation states in pertinent part: "With respect to pension statutes requiring (as most modern ones do) all employees to be members of the system and to make contributions thereto, it seems that the rule in the greater number of jurisdictions is that a contributing employee has no vested pension rights either before or after the pension has been granted. "But what would appear to be a growing number of courts have viewed rights in pension systems calling for contributions on a compulsory basis as being nonvested only during the period prior to an employee's fulfillment of the requirements for grant of the pension; upon fulfillment of those conditions, the pension rights are deemed to vest, thereafter being immune from abolition, if not from adverse change of any kind." (Emphasis added) This annotation was cited with approval in Board of Trustees of the Police Pension and Retirement System of the City of Tulsa v. Kern, Okl., 366 P.2d 415
(1961), which held that a policeman's widow's pension had vested prior to enactment of a statute requiring widows to have been married to the policeman-pensioner through whom they claimed pension rights for at least five years. This case cites the well recognized rule that statutes are presumed to operate prospectively only, and we are of the opinion that said rule would be applied by the court to Section 541x's provisions. In consideration of the Kern case we are persuaded that Oklahoma's Supreme Court must be counted as one of the "growing number" described in the A.L.R. annotation which deems pension rights to have vested upon fulfillment of the requirements or conditions for a pension. Thus, it follows, that if a policeman met the requirements of Section 541k as to service (i.e., at least twenty (20) years total service with qualified departments, the last five (5) years of which were with the pension paying city or town and consecutive and immediately preceding the end of such period) prior to the effective date of Section 541x, then the enactment of Section 541x's provisions limiting the service time that may be transferred to no more than five (5) years will not act to divest such policeman's pension right. In answer to your second question then it is the opinion of the Attorney General that Section 541x, and in particular its provisions as to the transfer of no more than five (5) years of service time, does not apply to a policeman who transferred to another police department prior to July 29, 1969. (We note that our prior opinion No. 69-360, supra, and also Attorney General's Opinion No. 70-115, both of which dealt with other questions concerning Section 541x, speak of April 17, 1969, as if it were the effective date of said section. Said section was approved on April 17, 1969, but did not contain the emergency clause in its enactment and therefore did not become effective until ninety (90) days after the end of the 1969 Legislative Session. Said effective date, as noted supra, was July 29, 1969, and both of these former opinions are hereby amended to reflect this date.) (JOHN C. HOWARD)