** Summary ** APPLICATION TO QUALIFY FOR TAX CREDIT FILED WITH CORPORATION COMMISSION A taxpayer filing his application on May 5, 1971, with the Corporation Commission to qualify for a tax credit under 82 O.S. 921 [82-921] — 82 O.S. 925 [82-925] (1971), must be allowed such a tax credit even though the Legislature on May 11, 1971, provided in the Income Tax Act, that such credit could only be allowed where the application for it was made on or before March 22, 1971. The Attorney General has considered your letter of March 20, 1972, in which you ask the following question: "Must a taxpayer filing his application with the Corporation Commission to qualify for a tax credit under 82 O.S. 921-925 [82-921] — [82-925] on May 5, 1971, be allowed such a tax credit even though the Legislature on May 11, 1971, provided, in the Income Tax Act, that such credit could only be allowed where the application for it was made on or before March 22, 1971?" The tax credit to which you refer was instituted in 1967 in order, according to the purposes stated in 82 O.S. 921 [82-921] (1971), to "encourage investment in waste treatment facilities and processes" but keep Oklahoma "an attractive location for continued industrial development." The qualifications for the tax credit are provided in 82 O.S. 922 [82-922] (1971), as follows: "Any person, firm, corporation or other legal entity engaged, or proposing to engage, in the manufacture of any product, the processing of which is certified as provided in Section 4 of this Act to result in an unacceptable pollution of the fresh water resources of this State, shall be entitled to an annual credit against its income tax liability, as provided in Section 3 hereinafter, of not to exceed twenty percent (20%) of the net investment cost of installation of such facilities for the treatment, control, or modification of such resulting water pollution for each taxable year following the installation and demonstrated effectiveness of such treatment facilities, until the entire net investment cost thereof shall have been recovered; provided, that the credit allowed to be taken for any one year shall not exceed the income tax liability for such year; and provided, further, that the tax credit to be allowed hereunder shall not extend to or include plant operating expense." The provisions allowing for this credit do not set a specific deadline for the application for it, nor do the other statutory provisions relating to the granting of tax credits. While the majority of tax returns are due on or before April 15, there are circumstances under which a filing on May 5 would be acceptable. These include situations where the taxpayer is on a fiscal rather than calendar year system of accounting, and where extensions have been properly applied for and granted. It would seem that the taxpayer in this case has properly applied for the credit since you have raised no objections on the grounds of a late filing. The Oklahoma Income Tax Act in 68 O.S. 2357 [68-2357] (1971), provides in part: "D. No additions to tax shall be made in Oklahoma income tax returns by reason of the recapture or restoration of credits under the Internal Revenue Code, and no other credits against tax shall be allowed in Oklahoma except as follows: "1. Those credits provided in this act. "2. Those credits authorized by Sections 921 through 925 of Title 82, Oklahoma Statutes and/or Sections 2001 through 2008 of Title 63, Oklahoma Statutes, which have been, or may hereafter be, certified pursuant to applications therefor made on or before March 22, 1971. " Due to the declaration of emergency embodied in the Income Tax Act the normal waiting period was waived, and this provision became immediately effective on May 11, 1971, as authorized under Article V, Section 58 of the Oklahoma Constitution. Since the taxpayer's application for the tax credit was filed prior to May 11, 1971, for 68 O.S. 2357 [68-2357] (1971) to effect its validity, the statute must be applied retrospectively. Such an application, is, of course, expressly prohibited by both the United States and Oklahoma Constitutions. Article I, 10 of the United States Constitution states, in relevant part: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." (Emphasis added) Article II, Section 15 of the Oklahoma Constitution, states in this connection: "No bill of attainder, ex postfacto law, nor any law impairing the obligation of contracts, shall ever be passed. No conviction shall work a corruption of blood or forfeiture of estate: Provided, that this provision shall not prohibit the imposition of pecuniary penalties." (Emphasis added) In addition, Article V, Section 54 of the Oklahoma Constitution provides: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute. " The application of these constitutional provisions has been clarified in the case of In re Ross,201 Okl. 476, 207 P.2d 254. There, the Supreme Court said: "Likewise a retrospective, or retroactive law is one which takes away or impairs vested or accrued rights acquired under existing laws." An "accrued right" is defined as a cause of action that has matured, or legal authority to amend redress. A further definition appears in 50 Am. Jur. "Statutes," 476, which defines a retrospective law as: ". . .One which changes or injuriously affects a present right by going behind it and giving efficacy to anterior circumstances to defeat it, which they had not when the right accrued, or which relates back to and gives to a previous transaction some different legal effect from that which it had under the law when it occurred." If the taxpayer has complied with all procedures required by 82 O.S. 921-925 [82-921] — [82-925], and, has been certified by the Corporation Commission, he is entitled to the requested tax credit. To deny him the credit on the basis of a statute enacted subsequent to his application would be to impair a right which had accrued to him under prior law. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A taxpayer filing his application on May 5, 1971, with the Corporation Commission to qualify for a tax credit under 82 O.S. 921-925 [82-921] — [82-925] (1971), must be allowed such a tax credit even though the Legislature on May 11, 1971, provided, in the Income Tax Act, that such credit could only be allowed where the application for it was made on or before March 22, 1971. (Robert H. Mitchell)