RETIREMENT — JUDGES — CREDIT UPON REELECTION OR REAPPOINTMENT If a justice or judge ceases to be a judicial officer, for any reason, before he has accumulated eight (8) years of accredited service, the refund of his retirement contributions is mandatory. However, upon his reelection or reappointment to a judicial position subsequent to the break in service, he may redeposit the previously refunded contributions with interest whereupon he would be entitled to credit for his prior judicial service and would be entitled to retirement benefits upon the attainment of an accumulated eight (8) years of accredited services. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "If a justice or judge terminates for any reason before he has accumulated eight (8) years of continuous service as a justice or judge and leaves his contributions in the Fund, is he entitled to credit for such prior judicial service upon his re-election or reappointment as a justice or judge after the break in service?" Initially, it is noted that the form of your question appears to presume that an individual's contribution to the judicial retirement system may be retained in the system upon the individual's termination as a judge prior to the accumulation of eight years continuous service. The Uniform Retirement System for Justices and Judges Act, 20 O.S. 1103 [20-1103] (1971) provides, in pertinent part: ". . . If a justice or judge shall cease to be a justice or judge of the above-mentioned courts, for any reason, before he has accumulated eight (8) years of accredited service, then all contributions retained from his salary shall be paid to him . . . and he shall have no further claim against the State of Oklahoma for retirement pay for his services to date. . . ." (Emphasis added) In constructing 20 O.S. 1103 [20-1103], a previous opinion of the Attorney General, Opinion No. 75-152, stated: "The only circumstances under which accumulated contributions may be returned to the justice or judge or to his beneficiary or estate is where he resigns or otherwise ceases to be a justice or judge prior to accumulating eight (8) years of service. The repayment under those circumstances is mandatory. . . ." (Emphasis added) The option of either withdrawal of retirement contributions after termination of service or leaving such contributions in the retirement fund and crediting accumulated contributions to subsequent service is nowhere provided under 20 O.S. 1101 [20-1101], et seq. (1971). It appears to be incumbent upon the administering agency to refund contributions to a judicial official who ceases to be a member of the judiciary prior to an accumulated eight (8) years of service. If the wording of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for use of interpretive devices to fabricate a different meaning. McVicker v. Board of County Commissioners of Caddo County, Okl., 442 P.2d 297 (1968). Title 20 O.S. 1103 [20-1103] (1971) clearly states that the contribution retained from the salary of a judicial officer shall be paid to him if he ceases to be a judge or justice before he has accumulated eight years of service. The administering agency is therefore precluded from retaining such contributions. Regarding the question of entitlement to credit for prior service, requirements for eligibility for retirement under 20 O.S. 1102 [20-1102] (1971) are enumerated, in pertinent part, as follows: "Any justice or judge of the Supreme Court, Court of Criminal Appeals, State Industrial Court, Intermediate Appellate Court or District Court who serves as justice or judge . . . for a period of eight (8) years or longer and upon reaching or passing the age of seventy (70) years, or who serves for a period of ten (10) years or longer and upon reaching or passing the age of sixty-five (65) years, or who serves for a period of twenty (20) years or longer and upon reaching the age of sixty (60) years, shall receive the retirement benefits herein provided. . . ." It does not appear that the Legislature intended under Section 1103, to require the period of years served to be continuous. Title 20 O.S. 1102A [20-1102A] (1975), regarding retirement disability compensation, is the only section in the Uniform Retirement System for Justices and Judges expressly requiring a period of continuous years service. Further, 20 O.S. 1103 [20-1103] refers only to an "accumulated eight (8) years of accredited service." The term "creditable service" as used in the Teacher's Retirement System, 70 O.S. 17-105 [70-17-105](1)(c) (1971) has been construed as not necessitating continuous or uninterrupted service. See 7 Okl. Op.A.G. 85 (Opinion 74-150). It is our opinion that the requirement of having "accumulated eight (8) years of accredited service" does not require continuous, uninterrupted service in order to qualify for retirement benefits under the provisions of 20 O.S. 1103 [20-1103] (1971). Following each break in service prior to the accumulation of eight (8) years accredited service, a refund of retirement contributions must be made to the judicial officer. However, upon subsequent reelection or reappointment to the judiciary, a former judicial officer must again contribute to the retirement system. See 7 Okl.Op.A.G. 26 (Opinion 74-120) wherein it is stated: ". . . construing the act as a whole, it is apparent that the act recognizes that a retired judicial officer is entitled to be elected or appointed again to a judicial office, that such officer is required to resume contributions, and that his subsequent retirement compensation is to be based on salary he received when he 'last served.' " Since the judicial officer's subsequent retirement compensation is to be based on salary he received upon reelection or reappointment, and contributions to and withdrawal from the retirement fund are mandatory, it seems only reasonable that previously withdrawn funds may be redeposited, along with interest thereon, in order to reestablish membership in the retirement system and obtain credit for previous service. The general rule of construction of retirement statutes is stated at 60 Am.Jur.2d Pensions and Retirement Funds, 4, as follows: "It is the general rule that a liberal construction is to be given to pension and bonus statutes . . . A construction of such acts primarily involves determining the intent of the Legislature, and each such act must depend on its own particular language. "Retirement statutes are entitled to a nontechnical interpretation and an effort to ascertain the ordinary common sense meaning of their terms in order to make effective the general plan of retirement contemplated by the lawmaking body. . . ." The general rule is stated at 70 C.J.S. Pensions, 5 thusly: "Laws creating the right to pensions must be liberally construed with the view of promoting the objects of the lawmaking body and their force and effect are not to be confined to the literal terms of the statute." Oklahoma accords the general rule and statutes involving retirement systems have consistently been liberally construed in favor of the retirant. See City of Ardmore ex rel. Firemen's Relief and Pension Board v. Ozment, Okl.,467 P.2d 502 (1970), and other cases cited therein for the Court's statement of its commitment to a liberal construction of retirement statutes in favor of the retirant. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: If a justice or judge ceases to be a judicial officer, for any reason, before he has accumulated eight (8) years of accredited service, the refund of his retirement contributions is mandatory. However, upon his reelection or reappointment to a judicial position subsequent to the break in service, he may redeposit the previously refunded contributions with interest whereupon he would be entitled to credit for his prior judicial service and would be entitled to retirement benefits upon the attainment of an accumulated eight (8) years of accredited service. (WM. DON KISER) (ksg)