EMPLOYMENT SECURITY COMMISSION — BOARD OF REVIEW — EFFECTIVE DATE OF SALARY INCREASE The salary increase provided for in 40 O.S. 220 [40-220](c) (1976), becomes operative on July 1, 1976. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: What is the date upon which the salary increase provided for in 40 O.S. 220 [40-220](c) (1976), becomes operative? Title 40 O.S. 220 [40-220](c) (1976), provides, in part: "There shall be created at such time as is necessary for the proper administration of this act a Board of Review, consisting of three members appointed by the Governor for terms of six (6) years, except that the terms of the members first taking office shall be two (2), four (4), and six (6) years, respectively, as designated by the Governor at the time of appointment, and except a vacancy shall be filled by appointment by the Governor for the unexpired term. On and after July 1, 1972, each member shall be paid from the Employment Security Administration Fund a salary of Ten Thousand Five Hundred Dollars ($10,500) per annum, payable in twelve (12) monthly installments, plus traveling expenses necessarily incurred in the performance of their duty according to the State Travel Reimbursement Act. . . ." It must be noted that Enrolled House Bill No. 1839, which provides for the salary increase to $10,500, contains an emergency clause and was approved by the Governor of the State of Oklahoma on June 17, 1976, and filed with the Secretary of State on the same day. An examination of the statutes reveal that in 1972 the Legislature amended 40 O.S. 220 [40-220](c) to provide, in pertinent part: ". . . . On and after July 1, 1972, each member shall be paid from the Employment Security Administration Fund a salary of Seven Thousand Two Hundred Dollars ($7,200) per annum . . . . It is apparent that the 1976 Legislature intended to raise the salaries of the members of the Board of Review from $7,200 annually to $10,500 annually, and the question you raise concerns the effective date of that increase since the 1976 legislation provided for a July 1, 1972, effective date. Since the 1976 legislative amendment to 40 O.S. 220 [40-220](c) provides for a July 1, 1972, effective date, it must first be ascertained whether the Legislature intended that the salary increase be retroactive to 1972. Statutes are presumed to operate prospectively only, and their words are not to be given retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed, or unless the intent of the Legislature cannot be otherwise satisfied, and any doubt should be resolved against retrospective effect. Board of Trustees of Police Pension and Retirement System of the City of Tulsa v. Kern, Okl., 366 P.2d 415 (1961). A review of the legislative history of 40 O.S. 220 [40-220](c) is helpful in determining the legislative intent. The 1941 legislative enactment establishing an annual salary for the Board of Review and the subsequent 1959 and 1972 legislative amendments raising said annual salary were all operative on the July 1st following the legislative session in which they were enacted. The courts have held that in the interpretation of a statute the history of the statute in the Legislature may be examined as an aid to construction. Couch v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Okl.,302 P.2d 117 (1956). Based upon the legislative history of 40 O.S. 220 [40-220](c) and upon the absence of clear, strong and imperative wording in the 1976 legislative amendment to said section that it operate retroactively, it is evident that the Legislature intended for the salary increase to be prospective and that the "1972" date prescribed therein was due to a scribner's error. The next question to be resolved is whether the Legislature intended for the salary increase to become operative July 1, 1976, or on June 17, 1976, that being the effective date of Enrolled House Bill No. 1839. If the Legislature had intended for the salary increase to become operative on the effective date of the Act, there would have been no need to provide that the salary increase was operative "on and after July 1, 1972". Based upon the legislative history of 40 O.S. 220 [40-220](c) and the continued use in Enrolled House Bill No. 1839 of language specifying a July 1st operative date of the salary increase, it is apparent that the Legislature intended for the salary increase to become operative on the July 1st following the legislative session, and not on a date to be determined by the effect of the emergency provision in said House Bill. Inapt or incorrect choice of words in a statute will not be construed and applied in such a manner as to destroy the real and obvious purpose of the statute. Board of Education of City of Okmulgee v. State Board of Education, Okl., 200 P.2d 394 (1949). Based on the foregoing it must be concluded that the Legislature intended that the salary increase be effective not on July 1, 1972, or June 17, 1976, but on July 1, 1976. To give any other meaning to the wording in 40 O.S. 220 [40-220](c) would be to subvert the intent of the Legislature. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The salary increase provided for in 40 O.S. 220 [40-220](c) (1976), becomes operative on July 1, 1976. (MIKE D. MARTIN) (ksg)