Dear Mr. Hollander,
The Attorney General has received your request for an official opinion asking, in effect:
 1. May the Oklahoma Firefighters Pension and Retirement System irrevocably cancel a member's credited service in order to transfer this credit to the Oklahoma Public Employees Retirement System pursuant to 74 O.S. 913(4) (1985)?
 2. Are members of predecessor municipal pension and retirement systems whose benefits were not vested prior to January 1, 1981, and who subsequently withdrew from the municipal system prior to January 1, 1981, entitled to withdraw their accumulated contributions from the Oklahoma Firefighters Pension and Retirement System by virtue of 11 O.S. 49-117.1 (1985)?
 I.
In your first question, you inquire as to whether the Oklahoma Firefighters Pension and Retirement System (hereinafter "Firefighters System") may irrevocably cancel a member's credited service in order to transfer this service to the Oklahoma Public Employees Retirement System (hereinafter "OPERS") pursuant to 74 O.S. 913(4) (1985). This question appears to have arisen because of a recent amendment to certain provisions of the law governing OPERS. Specifically, 74 O.S. 913(4), cited in your question, provides that:
 "A member may receive credit for those years of credited service accumulated by the member while a member of the Oklahoma Firefighters Pension and Retirement System, the Oklahoma Police Pension and Retirement System, the Uniform Retirement System for Justices and Judges, the Oklahoma Law Enforcement Retirement System, or the Teachers' Retirement System of Oklahoma, if the member is not receiving or eligible to receive retirement credit or benefits from said service in any other public retirement system. To receive the service credit, the employer and member shall pay such contributions and interest of not to exceed five percent (5%) as may be required by the Board." (Emphasis added).
This section permits members of OPERS to receive credit with OPERS for credited service accumulated with the Firefighters System or another state pension and retirement system. The member must not be receiving, or eligible to receive, retirement credit or benefits from any other public retirement system. To receive the service credit, the employer and member are required to pay the accumulated contributions and, in addition, interest not to exceed five percent (5%). You inquire as to whether the Firefighters System may irrevocably cancel a member's credited service in order to effectuate a transfer of the accumulated contributions to OPERS. In order to respond to this question, we are required to analyze the provisions of law governing the Firefighters System.
The only section of law pertaining to this system which appears to bear upon this question is 11 O.S. 49-117.1 (1985). This section, originally enacted in 1981, provides in pertinent part that:
 "A member who terminates service before normal retirement date, other than by death or disability shall, upon application filed with the State Board, be refunded from the Fund an amount equal to the accumulated contributions the member has made to the Fund, but excluding any interest or any amount contributed by the municipality or state. If a member has completed ten (10) years of credited service at the date of termination, the member may elect a vested benefit in lieu of receiving the member's accumulated contributions.
* * *
 "If a member terminates employment and withdraws the member's accumulated contributions and then subsequently rejoins the System, he may pay to the System the sum of the accumulated contributions he has withdrawn plus five percent (5%) annual interest from the date of withdrawal and shall receive the same benefits as if he had never withdrawn his contributions.
 "A fire fighter shall not be permitted to withdraw from the System while employed as a fire fighter in a participating municipality." (Emphasis added).
It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, there is no room for construction thereof. Cavett v. Geary Board of Education, 587 P.2d 991,992 (Okla. 1978). Pursuant to a plain reading of this section, a member who terminates service before normal retirement, other than by death or disability, shall be refunded his or her accumulated contributions excluding any interest or amount contributed by the municipality or state. If a member has completed ten (10) years of credited service, he or she may elect a vested benefit in lieu of the accumulated contributions.
We are aware of no other provisions of law that permit the withdrawal of contributions by a member. Nor is there any provision for the transfer of a member's or employer's accumulated contribution, or the interest earned thereon, to another public pension system. We do note, however, that a member's withdrawal of contributions per 11 O.S. 49-117.1 above is not irrevocable in nature. He or she may re-enter the system, pay the sum of the contributions plus five percent (5%) interest from the date of withdrawal, and receive the same benefits as if never having left the system. See, City of Ardmore ex rel. Firemen's Relief and Pension Bd. v.Ozment, 467 P.2d 502 (Okla. 1970).
Accordingly, given the existence of only 11 O.S. 49-117.1 and the absence of any other authority, we must answer your first question in the negative. The Firefighters System may not irrevocably cancel a member's credited service in order to transfer this service to OPERS or any other state retirement system. A member who terminates service before his or her normal retirement date, other than by death or disability, shall be refunded his or her accumulated contributions excluding any interest or contributions made by the municipality or state. 11 O.S. 49-117.1
(1985).
An issue necessarily intertwined with our response to your first question is the issue of whether OPERS may require another public pension system to irrevocably cancel a member's credited service before it gives that member credit for service with the other system. 74 O.S. 913(4) provides only that:
 "A member may receive credit for those years of credited service accumulated by the member . . . if the member is not receiving or eligible to receive retirement credit or benefits from said service in any other public retirement system. To receive the service credit, the employer and member shall pay such contributions and interest of not to exceed five percent (5%) as may be required by the Board." (Emphasis added).
It is to be presumed that the Legislature expressed its intent in a statute and that it intended what it expressed. Ind. SchoolDist. v. Okla. City Fed. of Tchers., 612 P.2d 719,723 (Okla. 1980), citing Rath v. LaFon, 431 P.2d 312 (Okla. 1967). It is also true "that the mention of one thing in a statute implies exclusion of another." McCullick v. State, 682 P.2d 235, 236 (Okla.Cr. 1984), citing State v. Smith, 539 P.2d 754 (Okla.Cr. 1975).
The Legislature plainly expressed its intent in 74 O.S. 913(4). Per this section, "A member may receive service credit . . . if the member is not receiving or eligible to receive retirement credit or benefits from said service in any other public retirement system and if the employer and member pay such contributions and interest not to exceed five percent (5%) as may be required by the Board." Delineation by the Legislature of the aforementioned requirements for service credit implies exclusion of any other requirements. Accordingly, OPERS may not, in addition to the requirements of 74 O.S. 913(4), require that another public pension system irrevocably cancel a member's service before it gives that member credit for service with the former system. 74 O.S. 913(4) (1985).
 II.
Your second and final question also concerns 11 O.S. 49-117.1 (1985), which we discussed in question one above. Specifically, you inquire as to whether a member of a predecessor municipal firefighter system who terminated service prior to vesting and prior to January 1, 1981, is not entitled to withdraw his or her accumulated contribution pursuant to 11O.S. 49-117.1. As stated earlier, this section was added by 1980 Okla. Sess. Laws, c. 352, 27 and rendered effective as of January 1, 1981. The issue then becomes whether a right to withdraw contributions similar to that of 11 O.S. 49.117.1 existed prior to January 1, 1981, or whether this section can be retroactively applied to individuals who terminated prior to this date.
It is a general rule that disbursements from pension funds may be made only pursuant to specific, explicit statutory authority. A.G. Opin. No. 82-18, citing Derby v. Police Pension Relief Bd. of Denver, 412 P.2d 897
(Colo. 1966). The employee has only those rights against the fund which are expressly provided by statute or contract. City of Edmond v.Wakefield, 537 P.2d 1211 (Okla. 1975). Our research reveals that prior to the enactment of 11 O.S. 49-117.1, there existed no statutory authority which permitted a member to withdraw his or her contributions under any circumstances. Whether a member has or had a corresponding contract right to such a withdrawal is ultimately a question of fact and, therefore, not the subject of this official opinion. We shall, therefore, analyze 11O.S. 49-117.1 in terms of its retroactive application.
We begin our analysis by noting that statutes governing firefighter pensions should generally be liberally construed in favor of the pensioner, but that the Legislature may enact a law affecting a right to receive a pension which is not vested or accrued under existing law. InRe Ross, 207 P.2d 254, Syl.4 (Okla. 1949). In this instance, we are not considering the right to receive a pension or the legislative impact on an accrued or vested right. See, Blacketer v. State, 485 P.2d 1069
(Okla. 1971). Instead, we are considering the right of a member who terminated employment prior to January 1, 1981, to subsequently withdraw his or her accumulated contributions on or after January 1, 1981, pursuant to 11 O.S. 49-117.1, which became effective on this date.
The rule governing the prospective versus retrospective or retroactive application of a law is well settled in Oklahoma. In discussing the possible retroactive application of provisions of the former Firemen's Relief and Pension Fund Act, the Supreme Court of Oklahoma in Board ofTrustees, etc. v. Naughton, 173 P.2d 425,426 (Okla. 1946), stated that:
 "It is generally held that statutes are presumed to operate prospectively only, and words ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied and that in case of doubt the doubt should be resolved against the retrospective effect. Franklin v. Sovereign Camp, W.O.W., 145 Okla. 159, 291 P. 513; State v. Ward, 189 Okla. 532, 118 P.2d 216." See also, Board of Trustees of Police Pension R. Sys. v. Kern, 366 P.2d 415
(Okla. 1961).
Our review of 11 O.S. 49-117.1 above reveals no language evidencing legislative intent to impart retroactive application, much less "words [that are] clear, strong, and imperative" to that effect. Accordingly, this section may not be given retroactive application to allow members of predecessor municipal pension systems, who terminated their service prior to vesting and prior to January 1, 1981, to subsequently withdraw their accumulated contributions pursuant to this section on or after January 1, 1981. 11 O.S. 49-117.1 (1985).
It is, therefore, the official opinion of the Attorney Generalthat:
 1. The Firefighters Pension and Retirement Board may not irrevocably cancel a member's credited service in order to transfer the service to the Oklahoma Public Employees Retirement System or any other state retirement system. A member of the Firefighters Pension and Retirement System who terminates service before his or her normal retirement date, other than by death or disability, shall, upon application, be refunded his or her accumulated contributions excluding any interest earned or contributions made by the municipality or state. 11 O.S. 49-117.1 (1985).
 2. Title 11 O.S. 49-117.1 (1985) may not be given retroactive application to allow members of predecessor municipal firefighter pension systems, who terminated service before January 1, 1981, and prior to vesting, to subsequently withdraw their accumulated contributions pursuant to 11 O.S. 49-117.1, which became effective on January 1, 1981. Whether members who terminated service prior to January 1, 1981, have or had a contractual right to withdraw their accumulated contributions is a question of fact and, therefore, not the subject of this opinion. 11 O.S. 49-117.1 (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
F. ANDREW FUGITT, ASSISTANT ATTORNEY GENERAL