Ms. Cathyrn E. Hinshaw Executive Director Union National Plaza 124 W. Capitol, Suite 920 Little Rock, AR 72201
Dear Ms. Hinshaw:
This is in response to your request for an opinion regarding Act 371 of 1991, which amended A.C.A. § 24-11-418 (Supp. 1989) (purchase of military service credit). Your specific questions are as follows:
 1. Whether a local police pension fund member, who was not receiving benefits on June 17, 1981, but who is now retired, may purchase two years of military credit under section 2(B) of Act 371 of 1991?
 2. Does the right to purchase 2 years of military credit at 20 years of service terminate after retirement?
 3. May a member with 20 years of service purchase two years of military credit and immediately retire?
 4. Whether the phrase "first employed", under subsection 2(B) for computation of payment owed for the purchase of military credit, references to first salary year or first salary month?
I assume that your first question pertains to an individual who retired prior to the passage of Act 371 of 1991, but who was not receiving benefits on June 17, 1981.[1] Your question arises because of the provision under Act 371 for the purchase of military service credit by "[a]ny person who is or was a member of the policemen's pension and relief fund and who was not receiving benefits under the system on June 17, 1981."
While the answer to this question is by no means clear from a review of the act and its legislative history, a court would, in my opinion, probably conclude that the retirant may purchase the military credit under Act 371. A different conclusion was reached in Opinion Number 86-490 with regard to a similar provision for the purchase of military credit under the Arkansas Public Employees Retirement System ("APERS"). There are, however, several significant distinctions between APERS and a local police pension fund that compel this result.
Unlike the APERS military credit provision (see A.C.A. §24-2-502), Act 371 does not appear to leave open the possibility that a former member of the fund who has left the department will be entitled to draw benefits at some later point, other than as permitted for those with 18 years of service. Act 371 does provide for the purchase of military credit by those who have participated in the fund for at least 18 years. A.C.A. §24-11-418 (a)(2)(A), as amended. But as noted in Opinion Number 87-411 (copy enclosed) with regard to similar language in a previous act that amended § 24-11-418 (Act 811 of 1987), one who terminates employment with 18 years of service apparently continues as a "member" of the fund when he terminates employment and immediately purchases the military credit.[2] Because the act appears to require at least 18 years of service, we cannot construe the phrase "is or was a member" as including one who ceases employment under an optional vesting rights policy.See A.C.A. § 24-11-426.
The phrase could, however, reasonably be construed to refer to a person who was a member, but who is now retired. This construction gives effect to the language, which a court will strive to do, (see generally Locke v. Cook, 245 Ark. 787,434 S.W.2d 598 (1968)), and it follows the general rule that pension acts are to be construed liberally in favor of those to be benefitted. Brummond v. City of Oakland, 111 C.A.2d 114,244 P.2d 441 (1952); City of Ardmore ex rel. Firemen's Relief andPension Bd. v. Ozment, 467 P.2d 502 (Okla. 1970).
The answer to your second question is, in my opinion, probably "no," in accordance with the discussion above.
The answer to your third question is "yes."
With regard to your final question, it must be initially noted that the phrase "first employed" does not appear under Act 371 of 1991. Subsection (a)(2)(B) of § 24-11-418, as amended by Act 371, states in pertinent part that the contribution for one who has participated in the fund for at least 20 years shall be ". . . a sum of money equal to the amount of the combined employee and employer contribution made by or on behalf of the member to the system based upon contributions at the time he first became a member of the retirement system. . . ." This sum shall be "multiplied by the number of months of military service the member is eligible for and desires to purchase. . . ." Id.
The fact that the contribution is to be multiplied by the number of months of eligible military service suggests that the above language refers to the monthly contribution at the time he or she first became a member of the system. The General Assembly apparently intended for the contribution to equal the amount that would have been contributed had the person been a member of the system during his or her term of military service.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] One who retires after the effective date of Act 371 of 1991 will clearly be covered by the act.
[2] It was concluded in Op. No. 87-411 that the language "is or was a member" does not include one who has terminated employment and withdrawn his contributions to the fund.