**Appeal of Joe D. MOORE, from order of Civil Service Commission of the Fire Department of the City of Enid, Oklahoma.**

**No. 43773.**

Supreme Court of Oklahoma.

Jan. 11, 1972.

Chiaf, Holmes, Romano & Murphy by Philip Holmes, Oklahoma City, for petitioner.

H. L. Gasaway, McKnight, Gasaway & McKnight, Enid, for respondents.

McINERNEY, Justice:

On February 9, 1967, in a written statement to the Civil Service Commission of the Fire Department of the City of Enid, the Chief of the Fire Department charged Joe D. Moore, a Captain in the Department, with conduct unbecoming a member of the Department and requested that Moore be discharged. After a hearing completed on February 22, 1967, the Civil Service Commission ordered that Moore be immediately discharged from the Fire Department.

Prior to the discharge order, Captain Moore had been employed by the Enid Fire Department for more than 20 years. Based on this length of service, on the day following the discharge order, Moore applied to the Fire Department Pension Board for a retirement pension. In the application, Moore stated that his retirement was to become effective on the date submitted, February 23, 1967. At a meeting on March 6, 1967, the Board approved Moore's application. Following Board approval, Moore has continuously received pension payments from February 23, 1967.

Almost one month after Moore's application for retirement pension, he appealed his discharge to district court. After a trial de novo, a jury found Moore not guilty of the unbecoming conduct charge. Based on this verdict, the court reversed the discharge order of the Civil Service Commission. The Commission did not appeal after its motion for a new trial was overruled on December 19, 1967.

Subsequently, in October, 1968, Moore petitioned the Civil Service Commission for reinstatement to his former position.

On November 26, 1968, the Commission denied Moore's petition for reinstatement. Petitioner Moore then appealed to district court. Following the presentation of petitioner's evidence in a trial de novo to the court without a jury, the court sustained Respondent Commission's demurrer to the evidence. From the decision of the district court, petitioner appealed to this Court.

Petitioner argues he was never legally removed from his position because the Commission's discharge order was nullified when it was reversed by the district court. Thus, petitioner claims he is entitled to return to active service as a Captain in the Fire Department. Further, petitioner asserts the right to be paid, after deducting retirement benefits received, an amount equal to a Captain's salary for the period between the discharge order and reinstatement. Petitioner explains his application for retirement pension as an act done only for the purpose of receiving the retirement benefits to which he was entitled; he denies any intent to terminate his status as a Captain of the Fire Department.

Answering petitioner's arguments, respondent contends petitioner severed all connection with the Fire Department when he submitted his application for retirement pension. Respondent also argues that petitioner is estopped and barred by laches from asserting any right to reinstatement.

Petitioner relies primarily upon the principles applied in Board of County Commissioners v. Litton, Okl., 315 P.2d 239 (1957). In *Litton*, a statute provided for forfeiture of office when certain officials were found guilty of violating the act. Litton, who had been a County Commissioner, was declared by the trial court to have forfeited his office when he was convicted of a violation of the act. After the conviction was reversed on appeal, Litton recovered in the trial court his salary from the date of conviction to the date his term of office expired, the expiration date being prior to the date the conviction was reversed. Interpreting the statute on appeal, the Court held that it did not provide for forfeiture of office until a conviction under the act had become final and that a conviction did not become final until disposition of a properly perfected appeal. Thus, the forfeiture judgment was vacated and nullified when Litton's conviction was reversed. The Court also held that payment of the salary to another appointed to serve the remainder of Litton's term was no defense to Litton's action. Accordingly, Litton was entitled to the salary because he had not been legally removed from his office.

There are some similarities between the present case and *Litton*. Both petitioner and Litton were involuntarily removed from their positions, and the removals were later reversed on appeal. However, petitioner applied for a retirement pension, a factual circumstance not present in *Litton*. Therefore, we must determine whether this factual distinction requires a different result.

■ Petitioner's application for retirement pension was made under the provisions of 11 O.S.Supp.1965, § 364. Before one is entitled to a pension under Section 364, he must submit a written request to retire from service in the fire department of which he is a member. By the use of this language, the Legislature must have intended to require a member of a fire department to terminate his position as a fireman before becoming eligible for a pension.

Section 364 provides that pension payments will cease during any period when a retired fireman serves for compensation in any municipal fire department in Oklahoma. In City of Ardmore ex rel. Firemen's Relief and Pension Board v. Ozment, Okl., 467 P.2d 502 (1970), we held that this and similar provisions indicated a specific legislative intent to allow retired firemen to be re-employed. The use of the term "re-employed" presupposes a prior termination of employment. Nothing in either Section 364 or Ozment, supra, indicates that a fireman who voluntarily retires is entitled to reinstatement to his former position at a later date.

In the retirement application, petitioner stated: "My retirement is to become effective February 23, 1967." Petitioner made this statement on the day following his discharge, a discharge which never became final because it was reversed on appeal. Furthermore, after petitioner's discharge was reversed, he waited a number of months before requesting reinstatement. Petitioner's conduct indicates an intent to voluntarily withdraw from service in the Enid Fire Department.

Petitioner Moore elected to voluntarily retire from the Enid Fire Department at a time when the validity of his discharge from the Department had not been finally determined. When Moore retired, he terminated service in the Department and waived any right to reinstatement. Once the discharge order was reversed, Moore could have been re-employed, but the Civil Service Commission is not required to reinstate him to his former position. For the same reasons, Moore is not entitled to any compensation other than his retirement pension.

Affirmed.

DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.