** Summary **
COMPUTATION OF CREDITED SERVICE UNDER RETIREMENT AND PENSION PLAN If an employee of the Department of Public Safety is retired for disability, and receives compensation from the Retirement and Pension Plan and makes no contributions to said Plan during this time, and is later reinstated as an active contributing member of the Plan, the period of time which he was retired does not count as "service" for computation of retirement benefits. The Attorney General has considered your request for an opinion wherein you ask the following question: "If an employee of the Department of Public Safety becomes retired for disability, and receives compensation from the Retirement and Pension Plan and does not make contributions to said Plan for this period of time, and is later reinstated as an active contributing member of the Plan, does the period of time which he was retired count as 'service' for computation of retirement benefits?" Title 47 O.S. 2-305 [47-2-305](a) (1971) contains provisions for retirement benefits for members of the Retirement and Pension Plan completing twenty (20) years of service as an employee of the Department of Public Safety; these benefits are based in part on each year of credited service. Subsections (b) and (c) of Section 2-305 provide respectively, for disability retirement benefits for those members of the Retirement and Pension Plan who by reason of injury or illness or other disability resulting from the performance of duties, and for such injury or illness or disability not arising from performance of duties. It will be presumed for purposes of this question that the employee, a member of the Retirement and Pension Plan, applied for and accepted benefits under the total disability provisions of subsections (b) or (c) and thereafter, the disability having been removed, returned to active employment with the Department. To determine the number of years of credited service for the computation of benefits under Section 2-305(a) we must first look to other provisions of the Retirement Act contained generally in 47 O.S. 2-301 [47-2-301] to 47 O.S. 2-313 [47-2-313]. In Section 47 O.S. 2-302 [47-2-302] (1971) the requirements for membership in the Retirement and Pension Plan are set forth in part as follows: "Any duly enrolled member of the Oklahoma Highway Patrol, who, at the time of making application therefor, is employed by the Department of Public Safety . . . shall become a member of the plan established by Section 2-301 hereof and which plan is hereinafter designated as the 'Retirement and Pension Plan,' or the 'Plan,' by filing written application therefor with the Retirement and Pension Board created by Section 2-303 hereof, and may continue thereafter as a member of the plan so long as his employment by the Department of Public Safety continues." The years of credited service used to compute the retirement benefits, provided in Section 47 O.S. 2-305 [47-2-305](a), are those years of service as an employee of the Department of Public Safety together with other credited service as provided in Section 47 O.S. 2-307 [47-2-307] for leaves of absence of less than 90 days, separation from the Department for less than three (3) years and certain service in the Armed Forces of the United States. The question then must be answered, is a retired, disabled member an employee of the Department of Public Safety during his period of retirement? In the case of Appeal of Moore, Okl., 492 P.2d 1091 (1972) the Court in considering provisions of what is now 11 O.S. 1971 364 [11-364], stated as follows: "Before one is entitled to a pension under Section 364, he must submit a written request to retire from service in the Fire Department of which he is a member. By the use of this language, the Legislature must have intended to require a member of a Fire Department to terminate his position as a fireman before becoming eligible for a pension." Section 47 O.S. 2-309 [47-2-309] of Title 47 the Department of Public Safety retirement act has a similar provision: "Claims for pensions, retirement pay, medical expenses, hospital expenses, and any other allowances or benefits provided for under the retirement and pension plan shall be allowed and paid only upon application therefor, signed and verified by the affidavit of the person claiming to be entitled thereto, filed with the Retirement-and Pension Board." We also find in 47 O.S. 2-305 [47-2-305](d) the following provisions: "Any retired, disabled member found no longer disabled by the examining physician shall be required to return to duty and complete 20 years of service as provided in subsection (a) of this section, or forfeit all his rights and claims under this act." Also in 47 O.S. 2-308 [47-2-308] (1971), we find in part as follows: "In the event a membership in the Retirement and Pension Plan be terminated other than by death or retirement for disability or length of service, . . ." The intention of the Legislature in regards to this question appears to be clear. First, upon application for and acceptance of the benefits of a total disability retirement, the person loses his status as an employee of the Department and is no longer receiving a salary for any service; second, his membership in the plan is terminated by acceptance of the retirement benefits; and, three, if the person returns to active employment he is expected to complete the 20 years of service interrupted by his disability retirement as provided in subsection (d) of Section 2-305. It is therefore, the opinion of the Attorney General that your question be answered in the negative. If an employee of the Department of Public Safety is retired for disability, and receives compensation from the Retirement and Pension Plan and makes no contributions to said Plan during this time, and is later reinstated as an active contributing member of the Plan, the period of time which he was retired does not count as "service" for computation of retirement benefits. (James H. Gray)