Birchard, J.
By the terms of the agreement, which is a lease to a cropper for a year, the landlord was to receive one-third of the corn and oats raised, to bo delivered in the half-bushel. The position taken by the defendants’ counsel, upon which turn the whole merits of this motion, is, that until the delivery of the third part of the crops reserved as rent, the landlord had no property in them, and that consequently trover does not lie. By the usage of the country, so long continued as to have become the law of the land, a landlord thus leasing has a Hen upon or property in the growing crop until the.rent reserved is satisfied. The rent is the joint' production of the lessor’s land and the labor of the lessee. By section 84 of Swan’s Stat. 520, this lien or species of property in the landlord is recognized, and provision is made by which the interest of landlords or tenants, respectively, in the growing crop may be sold, on execution, subject to the interest or claim of the party, whether landlord or tenant, against whom the process may not issue. To preserve this lien, therefore, it is necessary to hold that the entire crop should not be removed by the tenant, or those acting in his behalf, or as successors to his rights, without first satisfying the landlord’s rent. But the constable, occupying the place of the ^tenant in tjiis matter, seized and sold, and the purchaser carried away, the whole crop, by which the landlord’s interest in it was lost. The sale wrought as to him a conversion and destruction of the whole property. The instruction to the jury, that the plaintiff could not recover if neither of the defendants intended to take more than two-thirds of the crop, was properly refused. The intention with which the act was done could not excuse them from responsibility. Their acts .were an illegal violation of the plaintiff’s rights, and, if arising in innocent mistake, they are responsible for the actual injury committed by them or their agent.
We think the action of trover will lie, and that the value of the landlord’s share of what was taken, is the rule of damages.
Motion overruled.