Birchard, J.
The counsel of the complainant and respondent seem to have different views of the nature of this proceeding-One has treated it as a proceeding in equity, the other as a statutory proceeding. It is, nevertheless, a bill in *equity, seeking the exercise of the ordinary powers of a court of chancery; the distinction between which and the powers of a court at law, in matters of partition, is well defined. 1 Story’s Eq. 605, 610. The equity jurisdiction, in such cases, is founded in the convenience of the thing, and in the necessity of proceeding, in a tribunal competent to settle all the interests of all the parties with perfect fairness and equality. This may frequently be done under the direction of a master, by special commission issuing out of chancery, much better than on a mere writ. If the titles of parties, says Lord Redesdale, Mitford’s Eq. PI. 120, 121, are in any degree complicated, the difficulties which have occurred at law have led to applications'to courts of equity for partition. In this case the complainant has a dower estate, and is in-possession of the premises ; and is also a tenant, in common with five others, of the estate in remainder. If, on the issue of a writ of partition, at law, the estate should be found incapable of division, without manifest injury to the whole, and the freeholders should return an .appraisal of the premises, under the statute, in order to have a sale made, it is manifest that the parties in interest would occupy very unequal grounds, if desirous of purchasing.
The complainant, by a purchase, and uniting ,of the freehold, and remainder, would secure an unincumbered estate of inheritance, while neither of the respondents, nor any other person, could acquire anything but a remainder, incumbered by a dower estate, the duration of which, and all other contingencies incident to such an interest, would be at their hazard. It would be singular, if, under such circumstances, their rights should^happen to be so well protected, as to enable them, or the public generally, to enter into fair and equitable competition with tho complainant. This view of the case presents an inequality which ought not to be- *334 overlooked, and, in our estimation, is sufficient to justify a resort to the equity side of the court.
Again, each of the parties to this bill, owns one-sixth part of the remainder; and, if they were all capable of contracting, it is not to be doubted that they might have effected, by agreement, *an amicable division, notwithstanding the incumbrance of dower, by means of quitclaims, or other forms of conveyance ; and this, for the purpose of enabling the complainant to erect, with safety, permanent buildings, or other fixtures, necessary to the profitable enjoyment of the freehold estate in his possession. The partition is withheld; and, so long as this is the case, we feel no difficulty in entertaining this bill for the purpose ■of compelling partition. There is still another ground of equity jurisdiction. Three of the respondents are minors, and incapable of contracting or protecting themselves, by bidding, in the event of a sale at law.
In 1 Story’s Eq. 611, that learned commentator observes: “ Courts of equity will generally follow the analogies of law, but are not to be understood as limiting their jurisdiction to cases cognizable at law, for there is no doubt that they may interfere in cases where a writ of partition would not lie at law.” In New York, 8 Johns. 564, the chancellor held that a tenant in common of the inheritance might maintain partition, notwithstanding a dower estate was outstanding. That was a case at law.
Following the analogies of that decision, and of our statute, 'Swan’s Stat. 612, the remainder may, in equity, be partitioned when dower has been assigned. Decree for complainant.