Firemen's Pension Fund — Widow's Rights A widow of a pensioner under the Firemen's Relief and Pension Fund Act is entitled to widow's benefits if she was married to and living with the pensioner as his wife at the time of his death and at least thirty months prior thereto, under the provisions of 11 O.S. 368a [11-368a] (1968). A person retired on a pension for non-service connected disability under 11 O.S. 365 [11-365] (1968) is not entitled to receive any of the benefits provided for in 11 O.S. 389 [11-389] (1968). The Attorney General has considered your letter of recent date wherein you request his opinion on the following questions regarding O.S.L. 1967, ch. 274, Section 1 (11 O.S. 368a [11-368a] (1968)), O.S.L. 1965, ch. 104, Section 1 (11 O.S. 365 [11-365] (1968)), and O.S.L. 1967, ch. 275, Section 1 (11 O.S. 389 [11-389] (1968)): 1. "Is a widow who was temporarily separated but not divorced from the pensioner at the time of his death entitled to receive any of the benefits of this act? 2. "What constitutes a legal separation so far as the application of this act is concerned? 3. "Is a person who has been retired on the basis of the language set forth in Section 365 entitled to receive any of the benefits which are provided in Title 11 O.S. 389 [11-389] (1967)?" We note the proviso in O.S.L. 1967, ch. 274, Section 1 (11 O.S.Supp. 1968 Section 368a[11-368a] [11-368a]) which statute establishes the widow's pension: ". . . provided, further, that in order for a widow to qualify for said pension she must have been married to and living with the pensioner as his wife at the time of his death and at least thirty continous months prior thereto;. . . . "(Emphasis added) The statute imposes the requirements that the widow both be married to and living with the pensioner at his decease, and for thirty continuous months prior thereto. The determination that must be made by the board of trustees then is not whether the pensioner and his widow were "temporarily separated", or "legally separated," but only must be that which is required by the terms of the statute, which is whether pensioner's widow was 1) "married to", and 2) "living with the pensioner as his wife at the time of his death and at least thirty continuous months prior thereto". We feel this is determinative of your question. The Attorney General is of the opinion that your question be answered as follows: A widow of a pensioner under the Firemen's Relief and Pension Fund Act is entitled to widow's benefits if she was married to and living with the pensioner as his wife at the time of his death and at least thirty months prior thereto, under the provisions of O.S.L. 1967, ch. 274, Section I (11 O.S. 368a [11-368a] (1968)). The foregoing specifies that the determination to be made is whether the widow was "living with" the pensioner at and before his death, rather than whether they are separated legally, or on some other basis. Therefore the board of trustees must determine and find that the widow was both married to and is living with the pensioner at his death and for thirty continous months prior thereto. It is therefore unnecessary to determine what constitutes a legal separation, since that is not a finding to be made by the board of trustees. Regarding your third question, you direct our attention to the following language in O.S.L. 1965, ch. 104, Section 1 (11 O.S. 365 [11-365] (1968)): ". . . provided further, that whenever any such person, who has served in any capacity in a regularly constituted Fire Department of a city or town of the state, who has served less than twenty years shall become so physically or mentally disabled as to prevent the effective performance of his duties or shall suffer death from causes not arising in the line of duty, he or his widow, as the case may be, shall be entitled to a pension during the continuance of said disability based upon his service period which shall be calculated on the basis of one-twentieth of the usual pension for each year such person has been in the service with a part of a year being counted as a full year, and the monthly salary to be calculated as the average salary paid to such person during his period of service. . . ." (Emphasis added) O.S.L. 1965, ch. 181, Section 1 (11 O.S. 389 [11-389] (1968)) as amended provides in part: ". . . From and after the effective date of this act, any person receiving a pension, which was based upon one-half of the average salary paid to him during the last thirty (30) or sixty (60) months of his service, shall have his pension, or his widow's pension, as the case may be, increased or decreased by one-half of all increases or decreases which, after the effective date of this act, shall occur in the base salary of the regular fireman in the city or town from which said person is receiving a pension: . . . ." (Emphasis added) The provisions of said Section 389, supra, apply to those whose pensioners were based upon one-half the average salary paid to the pensioner during the established period of his service. The pension provided for in the language set out in said Section 365, supra, is based upon one-twentieth of the usual pension per year of service. Since the pension is available to those having served less than twenty years, then no pensioner could ever receive the usual pension of one-half the average monthly salary, since the maximum available would be 1910 of the usual pension of one-half the average salary. The Attorney General is therefore of the opinion that your third question be answered negatively as follows: A person retired on a pension for non-service connected disability under 11 O.S. 365 [11-365] (1968) is not entitled to receive any of the benefits provided for in 11 O.S. 389 [11-389] (1968). (Dell Gordon)