FIRE DEPARTMENT — FEMALE MEMBER RIGHTS Pursuant to 11 O.S. 361 [11-361] (1970) et seq., and 25 O.S. 1302 [25-1302] (1970), a female member of a fire department of any incorporated city or town in the State of Oklahoma is eligible for participation in the Firemen's Relief and Pension Fund in that city or town. The Attorney General has considered your opinion request wherein you ask: "Whether or not a female member of a fire department of an incorporated city or town in the State of Oklahoma would be eligible for participation in the Firemen's Relief and Pension Fund in that city or town?" Title 11 O.S. 364 [11-364] (1970) provides in part as follows: "Any person who is now or may hereafter be appointed and enroll ed as a member of a regularly constituted fire department of any city or town of the State and who serves as such member in any capacity or rank for a period of not less than twenty years, less five years of which shall have been continuous in the fire department in which he was a member at the time he retires, shall be entitled, upon his written request, to retire from such service and to be thereon paid from the Firemen's Relief and Pension Fund a monthly pension of one-half of the average monthly salary which was paid to him for his service in such fire department during the last thirty months of his service; . . . ." (Emphasis added) Statutes governing Firemen's Relief and Pension Fund should be liberally construed in favor of firemen, City of Ardmore ex rel Firemen's Relief and Pension Board v. Ozment, Okl., 467 P.2d 502, (1970). Further, Title 25 O.S. 1302 [25-1302] (1970) provides in part as follows: "(a) It is a discriminatory practice for an employer (1) to fail or refuse to hire, to discharge, or to otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of . . . sex . . .; or (2) to limit, segregate, or classify an employee in a way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect the status of an employee, because of . . . sex . . ." (Emphasis added) Section 11 O.S. 354 [11-354] clearly refers to "any person", but then utilizes the term "he" at various stages of the Section. Further, as indicated by your letter, Section 11 O.S. 389 [11-389] refers to "his widow's pension" as have numerous cases and Attorney General Opinions, Attorney General Opinion No. 69-344, December 5, 1969. Although "he" normally refers to a male person or animal, Webster's Dictionary, 382 also defines "he" as one who's sex is unknown or immaterial. It is obvious though, in any event, that employers are prohibited from discriminating against any employee on the basis of sex and accordingly, a female member of a fire department who qualifies pursuant to the provisions of the Firemen's Relief and Pension Fund, 11 O.S. 361 [11-361] (1970) et seq., would be eligible for participation in such fund in the particular city or town in which she works and any reference to "widow" would include "widower". It is, therefore, the opinion of the Attorney General that your question be answered as follows: Pursuant to the provisions of 11 O.S. 361 [11-361] (1970) et. seq., and 25 O.S. 1302 [25-1302] (1970), a female member of a fire department of an incorporated city or town in the State of Oklahoma is eligible for participation in the Firemen's Relief and Pension Fund in that city or town. (Larry L. French)