** Summary **
COMPUTATION OF FIREMEN PENSIONS Under 11 O.S. 389 [11-389] (1971), the maximum base salary of a regular fireman is the basis for the computation of the amount of firemen's pensions. Lower salaries paid to beginning firemen are to be disregarded. The Attorney General has considered your request for an opinion wherein you ask the following questions: 1. "It is a violation of 11 O.S. 389 [11-389] (1971) for a city to grant raises to all regularly employed firemen without increasing the pension benefits of retired firemen?" 2. "Does the ignoring of a classification system for firemen and the starting of all firemen at a particular salary, with the firemen being informed that they will receive raises, constitute an evasion of the intent of the Firemen's Relief and Pension Fund?" Title 11 O.S. 389 [11-389] (1971) states that: "From and after the effective date of this act, any person receiving a pension, which was based upon one-half of the average salary paid to him during the last thirty (30) or sixty (60) months of his service, shall have his pension, or his widow's pension, as the case may be, in creased or decreased by one-half of all increases or decreases which, after the effective date of this act, shall occur in the base salary of the regular fireman in the city or town from which said person is receiving a pension; provided that said pension shall never be reduced below the original pension paid to such person so long as funds are available for that purpose. The term 'regular fireman' shall for this purpose be defined as a salaried fireman who has reached his maximum base salary as a 'private' in his department, excluding longevity and merit increases, and has not been promoted to a position of rank. It shall be a violation of this act to establish a special classification for the purpose of evading the intent of the act." (Emphasis added) In answer to your first question it is a violation of Title 11 O.S. 389 [11-389] (1971) for a city to grant raises to all regularly employed firemen without increasing the pension benefits of retired firemen if the salary increase was the result of an increase in the base salary of regular firemen. The statute defines "regular fireman" as a salaried fireman who has reached his maximum base salary as a "private" in his department and has not been promoted to a position of rank. If all firemen initially receive $435.00 a month, for example, with an automatic increase at the end of ninety days to $485.00 a month, then the salary upon which pensions are to be computed is the higher salary. The automatic 90-day increase is not a raise in the pay of a "regular fireman" as defined in 11 O.S. 389 [11-389] (1971), but is instead evidence of a promotion from "beginner's pay" to "regular fireman'' status. Alternatively, this increase can be considered as the second step or pay grade within the "regular fireman" classification. The result is the same under either interpretation, because Section 389 requires that the amount of pensions be computed on the salary of a regular fireman "who has reached his maximum base salary as a 'private' in his department, excluding longevity and merit increases . . ." Since this increase, from $435.00 per month to $485.00 per month is evidently not due to longevity, merit or promotion to a higher rank, it is indeed an increase in the base salary, and all pensioners should be entitled to an increase as provided by statute. Even though all "private" firemen receive a pay increase after ninety days of service, this increase is not due to longevity or merit since it is an across the board increase and not in recognition of individual achievement. In Opinion No. 71-141, issued on April 8, 1971, the Attorney General, with regard to a similar question involving increases in police salaries, stated: "The question then is what is 'the base salary of regular police?' Section 5412 defines 'regular police' as a salaried employee or first class officer who has reached his maximum salary as a patrolman or first class officer in his department. The current 'maximum salary' possibly within reach by a salaried patrolman or first class officer is the "F" Step or $667.00, pursuant to the City of Tulsa Police Department pay schedule effective January 1, 1970. "Any prospective or future pay increases constituting an additional pay category such as "G," would thereby change the maximum salary possible and be relevant to the current minimum pension." Therefore, your first question is answered in the affirmative. When the salaries of regular firemen who have reached their maximum base pay are increased without regard to longevity or merit, pensions must also be increased pursuant to 11 O.S. 389 [11-389] (1971). In regard to your second question it appears that although a classification system is not designated the pay increase in this situation constitutes an additional pay category which changes the maximum salary a regular fireman still designated as a private may receive. In the example, the first pay category is $435.00 per month and the second pay category is $485.00 per month. A raise is given to "regular firemen" without a designation or change in rank, and in effect the base salary has been increased by $50.00 per month. Since the base salary of "regular firemen" has been increased, 11 O.S. 389 [11-389] (1971) specifically stipulates that pensioners must receive an increase as provided in the statute. In addition to the foregoing, the statute provides that, "It shall be a violation of this act to establish a special classification for the purpose of evading the intent of the act." Although a "special classification" has not been established per se, a new pay category has been established which establishes the maximum base salary. In addition, in essence a new classification has been created by breaking the old classification into two pay categories; thereby creating two classifications for "regular firemen" — those in the first classification receive $435.00 and those in the second classification receive $485.00, but each classification is still deemed to be within the same category of "regular fireman" in the rank of "private." There has been a salary increase within this one rank, and any attempt to break this rank of "private" into two classifications basing pension payments on the lower salary, would be a violation of the statute. The answer to your second question is therefore in the affirmative. Any payment of firemen's pensions based on the starting salary of beginning firemen would constitute an evasion of the intent of 11 O.S. 389 [11-389] (1971), where automatic raises are granted to firemen who are still "privates" after 90 days of employment. In such cases, the higher salary should be the basis for computation of the amount of firemen's pensions. This construction gives effect to the plain meaning of Section 389. McVicker v. Bd. of Commissioners of Caddo County, Okl., 442 P.2d 297,302 (1968). Therefore, it is the opinion of the Attorney General that under 11 O.S. 389 [11-389] (1971), the maximum base salary of regular firemen is the basis for computation of the amount of firemen's pensions. Lower salaries paid to beginning firemen during the first 90 days of their services are to be disregarded. (C. Larry Pain)