BOARDS OF TRUSTEES OF FIREMEN'S RELIEF AND PENSION FUNDS The Boards of Trustees of Firemen's Relief and Pension Funds have the authority and the duty to grant retroactive pension pay to retired firemen when there is a retroactive increase in the base salary of the regular firemen in the city or town from which the retired fireman is receiving a pension. The granting of the retroactive salary increase to regular firemen in a city or town, which has coupled with it a condition that employees terminating their services with the city or town prior to the implementation of the retroactive salary increase, does not alter the duty of the Board of Trustees of the Firemen's Relief and Pension Fund to adhere to the requirements of 11 O.S. 389 [11-389] (1971), which requires that the pension of any retired fireman be increased or decreased by one-half of all increases or decreases which shall occur in the base salary of the regular firemen in the city or town from which said person is receiving a pension. This will acknowledge receipt of your request for an Attorney General's opinion wherein you recite the following facts: "An Oklahoma municipal corporation adopted a pay plan whereby its employees received pay raises according to their position as set forth in the plan. Although the plan was adopted December 12, 1972 and became effective December 14, 1972, it was designated for the period from July 1, 1972 until June 30, 1973. Subsequent to its adoption, the employees received retroactive pay for the amount of the raises from July 1, 1972 to December 15, 1972. After December 15, 1972, it was included in their regular pay checks. "Some of the conditions of the retroactive pay were: 1. It was calculated upon base pay only and did not include longevity or overtime. 2. Employees terminating their services with or retiring from the City prior to December 15, 1972 did not receive any retroactive pay. 3. The retroactive payments were subject to all deductions including social security and retirement. "Those persons receiving pensions from the Fireman's Relief and Pension Fund in that City, will be entitled to certain increases in their pensions because of the pay raise, pursuant to 11 O.S. 389 [11-389] (1971). "Those pensioners who were retired prior to July 1, 1972 would be benefitted if it were determined that July 1, 1972 was the effective date of the raise and they were entitled to retroactive pay as of that date. "Those pensioners who retired subsequent to July 1, 1972 and prior to December 15, 1972 would be at a disadvantage if it were determined July 1, 1972 was the effective date. Their pension would be determined on the basis of their final compensation over the past 30 months of service, 11 O.S. 364 [11-364] (1971). This could be considerably less than what they might receive from the full 1/2 of the raise received by a regular fireman, 11 O.S. 389 [11-389] (1971). It would seem that their rights would have vested and the City by its action could not reach back and retroactively deprive them of such rights. "The Board of Trustees of the Fireman's Relief and Pension Fund granted pensions' increases of 1/2 of the pay raise received by a regular fireman. The Board's action made the increase effective as of December 15, 1972. "It is now the desire of the Board of Trustees to grant retroactive pension pay to those retired prior to July 1, 1972, and also to allow those employees retiring subsequent to July 1, 1972 and prior to December 15, 1972, the increase provided by 11 O.S. 389 [11-389] (1971)." Based upon this recitation of facts, you ask the following questions: "1. Whether the Board of Trustees of the Firemen's Relief and Pension Fund has the authority to grant retroactive pension pay for that period between July 1, 1972 and December 15, 1972? "2. If so, would such action affect the pensions of those retiring subsequent to July 1, 1972 and prior to December 15, 1972? "3. Does the Board of Trustees of a Fireman's Relief and Pension Fund have any discretion in disbursing pension funds, or is it limited to those distributing the funds as expressly provided for by statute?" The Oklahoma Statutes governing the actions of Boards of Trustees of the Firemen's Relief and Pension Funds are codified in Title 11 O.S. 361 [11-361] through 389. Title 11 O.S. 389 [11-389] (1971) reads in pertinent part as follows: "From and after the effective date of this act, any person receiving a pension . . . shall have his pension, or his widow's pension, as the case may be, increased or decreased by one half of all increases or decreases which, after the effective date of this act, shall occur in the base salary of the regular fireman in the city or town from which said person is receiving a pension . . . ." From a plain reading of this statute, it must be concluded that the Legislature, by the use of the word "shall", has placed a mandatory duty upon the Board of Trustees of a Fireman's Relief and Pension Fund to increase or decrease a retired fireman's pension by one-half of "all" increases or decreases which shall occur on the base salary of the regular firemen in the city or town from which the retired fireman is receiving a pension. In the case of State v. Hunt, 286 P.2d 1088
(Okla. 1955), the Supreme Court of Oklahoma stated: "In the construction of statutes, the word `shall' is usually given its common meaning of `must' and interpreted as implying a command or mandate . . . ." In the case of Jenkins v. Frederick, 257 P.2d 1058 (Okla. 1953), the Supreme Court of Oklahoma held that where the language of a statute is plain and unambiguous, and its meaning is clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself. Based upon the provisions of 11 O.S. 389 [11-389] (1971), and the rules of construction stated above, it is concluded that the Boards of Trustees of Firemen's Relief and Pension Funds have the authority and duty to grant increases or decreases to the pension of a retired fireman by one-half of all increases or decreases which shall occur in the base salaries of the regular firemen in the city or town from which the retired fireman is receiving a pension. Your second question deals with whether the pay raise which was implemented on December 15, 1972, but declared to be effective retroactively as of July 1, 1972, would affect the pensions of those firemen who retired subsequent to July 1, 1972, but prior to December 15, 1972. In construing pension laws, it is the universal rule that, being remedial in nature, pension laws should be construed liberally in favor of the persons intended to be benefitted. 3 McQuillan, Third Edition, 12.143. In this regard, it has specifically been held by the Supreme Court of the State of Oklahoma that: "This Court is definitely committed to a liberal construction of the statutes involved, 11 O.S. 1951, 361-381 [11-361] — [11-381], in favor of the pensioner." Roberts v. Board of Trustees of Firemen's Relief and Pension Fund of Leedy, Oklahoma, 292 P.2d 408
(Okla. 1956). If it should be determined that the firemen who retired between July 1, 1972, and December 15, 1972, were not entitled to the increase in their pensions, the resulting effect would be that they would be deprived of their statutory rights by an action of the city taken subsequent to their retirement. The Oklahoma courts have recognized that pension rights vest, as against administrative authorities, and that administrative authorities lack the statutory power to deny or modify such rights, after they have vested. 52 A.L.R.2d 438, 474. In this instance, the retired firemen's pension rights vested on the date of retirement. If that date was prior to December 15, 1972, but subsequent to July 1, 1972, then they would be entitled to the statutory increase and retroactive benefits from the date of their retirement to December 15, 1972. Your third question asks whether the Board of Trustees of a Firemen's Relief and Pension Fund has any discretion in disbursing pension funds, or whether it is limited to distributing the funds as expressly provided for by statute. This question is answered by the authorities cited under Question 1 dealing with the authority of the Boards of Trustees of Firemen's Relief and Pension Funds to grant retroactive pay. Title 11 O.S. 389 [11-389] (1971), is to be construed as being mandatory in that it clearly and unambiguously states that any person receiving a pension shall have his pension increased or decreased by one-half of all increases or decreases which shall occur in the base salary of the regular firemen in the city or town from which said person is receiving a pension. It is the opinion of the Attorney General that your questions be answered in the following manner. The Boards of Trustees of Firemen's Relief and Pension Funds have the authority and the duty to grant retroactive pension pay to retired firemen when there is a retroactive increase in the base salary of the regular firemen in the city or town from which the retired fireman is receiving a pension. The granting of a retroactive salary increase to regular firemen in a city or town, which has coupled with it a condition that employees terminating their services with the city or town prior to the implementation of the retroactive salary increase, does not alter the duty of the Board of Trustees of the Firemen's Relief and Pension Fund to adhere to the requirements of 11 O.S. 389 [11-389] (1971), which requires that the pension of any retired fireman be increased or decreased by one-half of all increases or decreases which shall occur in the base salary of the regular firemen in the city or town from which said person is receiving a pension. (Odie A. Nance)