CONCURRENT PENSIONS
An individual has a legal right to receive two pensions that a city or town has contributed funds into as long as that eligibility is in conformity with the statute or statutes providing for such pension retirement system. The Attorney General's Office is in receipt of your opinion request wherein you ask, in effect, the following question: Does a person have a legal right to receive two pensions that a city or town has contributed funds into. Your question is asked with reference to the Firemen's Relief and Pension Fund as contained in 11 O.S. 361 [11-361] (1971), et seq., and as amended and made mandatory upon a city or town under 11 O.S. 373 [11-373](b) (1974). Section 11 O.S. 373 [11-373](b), dealing with deductions from salaries of fire department members, states in part: "A. A city or town having a paid member of a fire department shall enact an ordinance authorizing the treasurer of such city or town to deduct monthly from the salary or wages of each member of the fire department of such city or town an amount equal to four percent (4%) of the monthly salary or wages paid to such member of the fire department. . .The treasurer of a city or town shall deduct the authorized increase in deductions from the salary or wages of each paid member of the fire department. The treasurer of the city or town shall deposit monthly in 'The Firemen's Relief and Pension Fund' of the city or town the amount deducted from the salary or wages of each member of the fire department." Title 11 O.S. 364 [11-364](a) (1971), states in part: ". . .(P)rovided that said pension shall cease during any period of time he may thereafter serve for compensation in any municipal fire department in this or any other state." It is clear that the legislature has evidence and intent that an individual may not receive compensation in any other municipal fire department while receiving a pension under the Firemen's Relief and Pension Fund system. The question of whether an individual may work in another capacity and receive a pension from that position, while receiving a benefit under the Firemen's Relief and Pension Fund, is a question which can only be answered upon a determination of whether there exists a statutory prohibition upon a city or town contributing to two or more pension funds. It is clear that there does not exist a statutory prohibition. Attorney General's Opinion No. 63-408, issued August 20, 1963, held that a duly qualified individual may lawfully receive a pension from both the Firemen's Relief and Pension Fund and the Police Pension and Retirement System on the basis that there was nothing in either the Police Pension and Retirement System statute nor the Firemen's Relief and Pension Fund Retirement System statute that would preclude a pensioner from having an additional source of income. This Opinion also follows in line with Attorney General's Opinion No. 72-123, issued May 1, 1972, wherein it was held that the question of eligibility of any or all employees with respect to participation in any or all retirement systems as authorized by law, is controlled by statute in each instance, and each particular employee's eligibility must be determined upon an individual basis pursuant to the guidelines as set up by statute, ordinance or resolutions. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative in that an individual has a legal right to receive two pensions that a city or town has contributed funds into as long as that eligibility is in conformity with the statute or statutes providing for such pension retirement system. (Donald B. Nevard)