FIREFIGHTER'S PENSION — RETIREMENT A firefighter who has retired on a service pension may apply to have his service pension set aside and may make application for a disability pension under the provisions of 11 O.S. 365 [11-365] (1971). It then becomes the duty of the Board of Trustees of the Firemen's Relief and Pension Fund to make a determination of the applicant's entitlement to such disability pension, based upon the established criteria for evaluation of applications for disability retirement in the same manner as they would in any other case. The Attorney General has considered your request for an opinion on the question of whether a firefighter who has served twenty years and retired on a service pension can, subsequent to his retirement, make application to have the service retirement set aside and apply for a disability pension pursuant to 11 O.S. 365 [11-365]. You state in your letter that the advantage of so doing would be that the retirant could receive the advantage of a new I.R.S. ruling which would make up to $5,200 of the retirant's pension tax exempt until attainment of the mandatory retirement age under the Firemen's Relief and Pension Fund Act. Title 11 O.S. 364 [11-364], provides a retirement pension for any member of a regularly constituted fire department who serves for a period of not less than twenty years. Title 11 O.S. 365 [11-365] (1971), provides, in part: "Whenever any person serving in any capacity in a regularly constituted Fire Department of a city or town of the state shall become so physically or mentally disabled as to prevent the effective performance of his duties while in, and in consequence of, the performance of his duty as such employee, the Board of Trustees of the Firemen's Relief and Pension Fund may, upon his written request, or without such request if it deem it for the good of said Department, retire such person from active service, . . ." Neither statute addresses the situation related in your opinion request and it would, therefore, appear that the Legislature did not contemplate an individual seeking disability retirement subsequent to his election to retire and receive a service pension. There exists no statutory prohibition precluding a retirant who receives a service pension from making application for disability pension, nor can any case law precedent be found in prohibition thereof. There does not appear to be any authority for the proposition that an election once made is irrevocable. In contrast thereto, the Oklahoma Supreme Court has expressed a commitment to a liberal construction of the statutes discussed hereinabove, stating that statutes governing the Firemen's Relief and Pension Fund should be liberally construed in favor of firemen. City of Ardmore, ex rel. Firemen's Relief and Pension Board v. Ozment, 467 P.2d 502
(1970). Obviously a retirant could not, however contemporaneously draw both a service pension and a retirement pension. Section 11 O.S. 366 [11-366] of Title 11 requires any person making an application for disability retirement to file with the Board of Trustees of the Firemen's Relief and Pension Fund, "Certificates of his disability, which certificates shall be subscribed and sworn to by said person and by the city or town's physician, if there be one, and the firemen's relief and pension fund physician . . ." In addition, the Board of Trustees may require other evidence of disability before ordering retirement and payment of a disability pension. In accordance with the Supreme Court's view regarding the construction of the statutes involved herein and the lack of any legal authority or precedent prohibiting such action, it is the opinion of the Attorney General that your question should be answered in the affirmative. A firefighter who has retired on a service pension may apply to have his service pension set aside and may make application for a disability pension under the provisions of 11 O.S. 365 [11-365]. It then becomes the duty of the Board of Trustees of the Firemen's Relief and Pension Fund to make a determination of the applicant's entitlement to such disability pension, based upon the established criteria for evaluation of applications for disability retirement in the same manner as they would in any other case. (William Don Kiser)