FIREMEN — DISABILITY PENSIONS
Pursuant to 11 O.S. 365 [11-365] (1975), a service connected disability pension may be awarded to a fireman with more than twenty (20) years service. Service connected disability pensions are to be calculated on the basis of one-half of the average monthly salary paid to the fireman during the last thirty (30) months of his service. In the event the disability ceases within three (3) years from the date of a fireman's disability retirement or within a period of time which shall be calculated as twenty-three (23) years less the total time said person has served as a member of the regular constituted fire department, whichever period of time is greater, it is mandatory that said fireman be restored to active service at the salary attached to the rank he held at the time of his disability retirement. Further, under provision of 11 O.S. 365 [11-365] (1975), nonservice connected disability pensions may not be awarded to firemen who have in excess of twenty (20) years service. Firemen with more than twenty (20) years service who suffer non-service connected disabilities are to be retired on a service retirement basis and pensions are accordingly to be computed pursuant to provision of 11 O.S. 364 [11-364] (1971). The Attorney General has considered your request for opinion on the following questions: "1. Can a pension board of a Firemen's Relief and Pension Fund award (under the provisions of 11 O.S. 365 [11-365] (1971)) a "service connected" disability pension to a fireman with more than twenty (20) years service? "2. If the answer to question number 1 is 'yes', will the amount of the fireman's pension be calculated as: (a) '. . . one half of the average monthly salary which was paid to him during the last thirty months of his service . . . " (11 O.S. Sec. 365[11-365] [11-365]); or, (b) assuming such fireman to have twenty-one years or more of service, will said pension be calculated as in (a) immediately preceding with '. . . an additional two and one-half percent (2 1/2%) . . .' for each full year service beyond twenty years service' . . . but not to exceed ten (10) years . . . (110.S.Sec. 364)? "3. If the answer to question one is 'yes', and the answer to question two is '(b)', does that fireman still have three years in which to be returned to work if his disability ceases (11 O.S. Sec. 365[11-365] [11-365]), or has he actually received a 'service' pension not entitling him to return to service? "4. Can a pension board of a Fireman's Relief and Pension Fund award (under the provisions of 11 O.S. 365 [11-365] (1971)) a 'non-service connected' disability pension to a fireman with twenty years or more service? "5. If the answer to question 4 is 'yes', is that fireman's pension: (a) '. . . calculated on the basis of one-twentieth of the usual pension for each year such person has been in the service with a part of a year being counted as a full year, and the monthly salary to be calculated as the average salary paid to such person during his period of service . . .' (11 O.S. Sec. 365[11-365] [11-365]); or, (b) calculated on the same basis as a 'service' pension, including the 2 1/2% for each full year's service beyond 20 years service (11 O.S. Sec. 364[11-364] [11-364]) ?" Title 11 O.S. 365 [11-365] (1975), as amended by Laws 1975, c.222, 1 provides: "Whenever any person serving in any capacity in a regularly constituted fire department of a city or town of the state shall become so physically or mentally disabled as to prevent the effective performance of his duties while in, and in consequence of, the performance of his duty as such employee, the Board of Trustees of the Firemen's Relief and Pension Fund may, upon his written request, or without such request if it deem it for the good of said Department, retire such person from active service, and if so retired, shall order and direct that he be paid from said Fund a monthly pension of one-half of the average monthly salary which was paid to him during the last thirty (30) months of his service, whether said service be performed as a volunteer, part paid or fully paid employee; provided that whenever such disability shall cease such disability pension shall cease; provided further, that if said disability ceases within three (3) years from the date of his disability retirement or within a period of time which shall be calculated as twenty-three (23) years less the total time said person has served as a member of a regularly constituted fire department of any city or town of the state, whichever period of time shall be the greater, said formerly disabled person shall be restored to active service at the salary attached to the rank he held at the time of his disability retirement. No person shall accrue additional service time while receiving a disability pension; provided further, that nothing herein contained shall affect the eligibility of any person to apply for and receive a retirement pension after twenty (20) years' active service; provided further that no person shall receive retirement benefits from said Fund during the time he is receiving disability benefits from said Fund; provided further, that whenever any such person, who has served in any capacity in a regularly constituted fire department of a city or town of the state, who has served less than twenty (20) years shall become so physically or mentally disabled as to prevent the effective performance of his or her duties or shall suffer death from causes not arising in the line of duty, his or her surviving spouse shall be entitled to a pension during the continuance of said disability based upon his or her service period which shall be calculated on the basis of one-twentieth (1/20) of the usual pension for each year such person has been in the service with a part of a year being counted as a full year, and the monthly salary to be calculated as the average salary paid to such person during his or her period of service." It is clearly apparent from a plain reading of Section 365 that the Legislature has made specific provision for disability pensions for both service related and non-service related disabilities. With regard to service related disability pensions, the statute provides that such pensions may be granted whenever any person shall become so physically or mentally disabled as to prevent the effective performance of his duties. There is no qualifying proviso contained therein limiting the time of service within which one can request such a pension. The State Supreme Court has heretofore stated a commitment to a liberal interpretation of the statutes governing the Firemen's Relief and Pension Fund in favor of firemen. City of Ardmore, ex rel. Firemen's Relief and Pension Board v. Ozment, 467 P.2d 502 (1970). In view of the mandate of the Court with reference to a liberal interpretation of said statutes and the absence of any qualifying proviso relative to the time within which application may be made for a service related disability pension, we conclude that the answer to your first question should be in the affirmative. As previously stated hereinabove, Section 365 pertains specifically to disability pensions. In contrast thereto, 11 O.S. 364 [11-364] (1971) was enacted to provide the authority for, and to prescribe the basis of computation of service retirement pensions. Thus, the Legislature has clearly distinguished between the two types of pensions and has provided by statute the basis for computation of benefits for each. The manner in which disability pensions for service related disabilities are to be computed is expressly set forth in Section 365, wherein it is provided that a monthly pension of one-half of the average monthly salary paid during the last thirty (30) months of service be paid in such cases. The language of the above provision from Section 365 is plain and its meaning unmistakable. The Supreme Court has consistently held that where the language of a statute or ordinance is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. City of Bethany v. Hill, 509 P.2d 1364
(1973); Seventeen Hundred Peoria, Inc. v. City of Tulsa,422 P.2d 840 (1966). The provisions of Section 365, having been enacted specifically to cover disability pensions, are controlling and disability pension benefits are, accordingly, to be computed on the basis of the formula set forth therein. The answer to your second question appears to be dispositive of your question number three. However, for purposes of clarification, we would point out that Section 365 additionally provides that an individual who is retired by reason of disability must be restored to active service at the salary attached to the rank he held at the time of his disability retirement if his disability ceases within three years from the date of disability or within a period of time calculated as twenty-three (23) years less the total time said person has served as a member of the fire department, whichever period of time is greater. Consequently, in the event the disability qualifying any fireman for a disability pension ceases to exist within the time limits set forth in Section 365, it is mandatory that said person be restored to active service at the salary attached to the rank he held at the time of his disability retirement. The language employed by the Legislature in Section 365, where provision is made for disability pensions for non-service connected disabilities, appears to qualify the right of an individual to receive same to the extent that such individual must have served less than twenty (20) years. The Supreme Court has consistently held the cardinal rule in constructing a legislative enactment is to ascertain and give effect to the legislative intention. Special Indemnity Fund v. Herald, 398 P.2d 827 (1964). It must be assumed that the Legislature, in predicating the right to a non-service connected disability pension upon having fewer than twenty (20) years service, did so with a specific purpose in mind. We conclude that the Legislature must have intended for any person with more than twenty (20) years service who suffers a non-service connected disability to be retired on a service retirement basis. Therefore, giving full effect to the apparent intention of the Legislature, we answer your fourth question in the negative. The answer to your fourth question is determinative of your fifth question. A fireman who suffers a non-service connected disability and who has in excess of twenty (20) years service at the time he suffers such disability must be retired on a service retirement basis and pension benefits would be computed pursuant to provisions of 11 O.S. 364 [11-364] (1971). It is, therefore, the opinion of the Attorney General that, pursuant to 11 O.S. Supp. 1975, 365 [11-365] a service connected disability pension may be awarded to a fireman with more than twenty (20) years service. Service connected disability pensions are to be calculated on the basis of one-half of the average monthly salary paid the fireman during the last thirty (30) months of his service. In the event the disability ceases within three (3) years from the date of a fireman's disability retirement or within a period of time which shall be calculated as twenty-three (23) years less the total time said person has served as a member of the regular constituted fire department, whichever period of time is greater, it is mandatory that said fireman be restored to active service at the salary attached to the rank he held at the time of his disability retirement. It is further the opinion of the Attorney General that under provision of 11 O.S. 365 [11-365] (1975), non-service connected disability pensions may not be awarded to firemen who have in excess of twenty (20) years service. Firemen with more than twenty (20) years service who suffer non-service connected disabilities are to be retired on a service retirement basis and pensions are accordingly to be computed pursuant to provision of 11 O.S. 364 [11-364] (1971). (William Don Kiser)